Littleton, Judge,
delivered the opinion of the court:
The plaintiff, a Naturalization Examiner in the Immigration and Naturalization Service (hereinafter referred to as the “Service”), sues to recover the salary of $3,640, provided by law for such position, for the period July 18, 1944, to August 6, 1945, during which he was suspended from duty and pay pending investigation and decision of his citizenship and charges of alleged fraudulent conduct filed against him.
The salary of the position for the period involved is admitted and the facts are stipulated. They show that plaintiff entered the Service as a clerk September 9,1929, by selection from a certificate by the Civil Service Commission, and, with the exception of the period May 10 to October 1, 1942, while in the military service, he continued in the Service with certain promotions until June 17, 1944, at which time he held the position of Naturalization Examiner at Philadelphia, and was receiving a salary of $3,200 per annum. Plaintiff’s suspension on June 17, arose out of a proceeding in which he applied, in February 1944, to the Service for a certificate of derivative citizenship. At the time of plaintiff’s acceptance into the Service on his original appointment, the Civil Service Commission, in 1929, had approved his citizenship. During the consideration by the Immigration and Naturalization Service of plaintiff’s application of February 1944, after a hearing thereon, it appeared that certain documentary records indicated that plaintiff was over 21 years of age at the time of the naturalization of his father on November 9, 1928. Plaintiff had submitted evidence for the purpose of showing that the information indicated on the documentary records as to his age was erroneous. Plain *642 tiff was suspended effective at the close of business June 17, 1944, and upon review of the report of the Examiner on plaintiff’s application the Commissioner of Immigration and Naturalization made an order denying his application for a certificate of derivative citizenship. On October 21, 1944, the Attorney General approved plaintiff’s suspension. In addition, the Service, on July 24,1944, prepared and served written charges against plaintiff for alleged fraudulent conduct in connection with his application above-mentioned, and for alleged conduct unbecoming an officer in the preparation of a similar application and submission of an alleged altered birth record for a niece. Plaintiff was given time to answer the charges, and he did so; he was also advised that he might have an oral hearing thereon. No action was taken on these charges before plaintiff filed suit in the District Court for the Eastern District of Pennsylvania for a declaratory judgment as to his citizenship. After plaintiff obtained a favorable decision on May 7,1945, from the court in Ginn v. Biddle, 60 Fed. Supp. 530, the above-mentioned charges were abandoned by the Service. The court held that plaintiff was a minor on the date of his father’s naturalization and that he was, therefore, a citizen of the United States and entitled to all the rights and privileges of a citizen. No appeal was taken. Plaintiff applied for reinstatement and on August 6,1945, he was reinstated by the Service on the approval of the Attorney General, to the position of Naturalization Examiner. Plaintiff was willing and able to discharge the duties of the position during the period of his suspension. The Government, however, refused to pay plaintiff the salary of $3,640 which he would have received as Naturalization Examiner had he not been suspended from duty and pay.
Plaintiff relies upon that portion of Sec. 6.of the Act of August 24,1912 (37 Stat. 539, 555), which provides that “No person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said sendee, and for reasons given in writing * * He says that since he was at all times a citizen of the United States and that question had been approved in his favor by the Civil Service Commission and the Immigration and Naturalization Service at the time of his *643 original appointment, September 1929, Ms suspension was wrongful and illegal.
The facts do not show that the question of plaintiff’s citizenship had been specifically considered and approved by the Commissioner of the Immigration and Naturalization Service.
Upon the facts, we are of opinion that plaintiff is not legally entitled to recover. The Commissioner of Immigration and Naturalization not only had the right but it was his duty to inquire into and decide the question of plaintiff’s citizenship. Proper and regular procedure was followed. The Commissioner’s action in suspending plaintiff was approved by the head of the department. That he acted upon what he believed to be reasonable cause is evidenced by his later decision that plaintiff was not a citizen of the United States. He was the official charged with the duty of deciding, at least in the first instance, whether plaintiff should be suspended and whether he was a citizen. Obviously his decisions with respect to these matters were not only for the purpose of complying with the law but were also for the purpose of promoting the efficiency of the Naturalization Service. There is no claim or proof that he acted from any other motive or that his action was arbitrary. The Commissioner had the power under the Act of August 24, 1912, supra, to remove for cause and that power necessarily included the authority, if supported by reasonable cause, to suspend pending investigation and final decision of the issues raised and charges made. The procedural requirements of the Act of 1912 were followed in connection with plaintiff’s application for a certificate of citizenship and the charges of alleged misconduct subsequently made against him. Moreover, Section 205 of the Act of June 26, 1943 (57 Stat. 169, 196), and Section 205 of the Act of June 27, 1944 ( 58 Stat. 361, 385), prohibited the departments and agencies of the Government from using appropriated funds to pay salaries to persons who were not citizens.
In Eberlein v. United States, 257 U. S. 82, 84 (affirming 53 C. Cls. 466), the Court said:
There can be no question from the findings in this case that the plaintiff had the benefit of a hearing accord *644 ing to the regulations then in force. The Court of Claims in its opinion stated that the subsequent investigation established his innocence of the charges made against him. But the things required by law and regulations, were done, and the discretion of the authorized officers was exercised as required by law. It is settled that in such cases the action of executive officers is not subject to revision in the courts.
In Burnap v. United States, 252 U. S. 512, the employee was suspended pending investigation and decision of charges, and later discharged. The Court held that inasmuch as the orders of suspension and removal complied with all legal restrictions on the power to suspend or remove, the plaintiff could not recover. The general rule as stated in Mechem on Public Officers, Section 864, is that “An officer who has been * * * suspended from his office is not entitled to compensation for the period during which he was suspended even though it be subsequently determined that the cause for which he was suspended was insufficient.”
Plaintiff is not entitled to judgment for the salary of $3,640 claimed, and his petition must, therefore, be dismissed. It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Jones, Chief Justice, concur.