**LEZIN v. UNITED STATES.**

No. 49419.

United States Court of Claims.

July 9, 1951.

Irving R. M. Panzer, Washington, D. C., for the plaintiff.

Paris T. Houston, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

The plaintiff sues for $10,975.18, the amount of salary he would have received had he not been removed from Government service as a civilian engineer in the Navy Department. His employment at the time here in question was at the Puget Sound Naval Shipyard at Bremerton, Washington, as a Senior Electrical Engineer, P-5, at a salary of $6,384 per year. In September 1946, charges of disloyalty were filed against him and he was removed from service on October 14, 1946, on the ground that there was reasonable doubt as to his wholehearted loyalty to the United States.

The plaintiff, a veteran of World War I, appealed his removal to the Civil Service Commission and on January 10, 1947, the Commission decided that the Navy Department had not complied with the procedural requirements of Section 14 of the Veterans' Preference Act of 1944, 58 Stat. 390, 5 U.S.C.A. § 863, in that the reasons given him for his discharge were not stated "specifically and in detail" as required by the statutes and regulations. Pursuant to the Commission's decision, the plaintiff was restored to his former position effective April 2, 1947. But he was not paid for the time that he had been kept out of work by his removal and the pay thus lost is a part of what the plaintiff now sues for.

We have repeatedly held that, in circumstances such as those just recited, the Government employee is entitled to recover. Elchibegoff v. United States, 106 Ct.Cl. 541; Wittner v. United States, 76 F.Supp. 110, 110 Ct.Cl. 231; Simon v. United

States, 113 Ct.Cl. 182. We adhere to those decisions, and hold that this portion of the plaintiff's claim is meritorious.

When the Civil Service Commission decided that the plaintiff had not been validly removed because the procedural requirements of the Veterans Preference Act of 1944 had not been followed, it made no decision as to the merits of the charge that the plaintiff's loyalty was doubtful. As stated above, the plaintiff was restored to his position, effective April 2, 1947. But on that same day, detailed charges were filed against him and he was advised that, because of a reasonable doubt as to his loyalty, he would be removed effective May 5, 1947. He was so removed. He again appealed to the Civil Service Commission. After a review of the files and the evidence a panel of members of the Loyalty Review Board, advised the plaintiff on February 21, 1949, that the evidence was not sufficient to sustain the findings of the Navy Department that there were reasonable grounds to believe that the plaintiff was disloyal to the United States. The Civil Service Commission reviewed the case and concurred in the decision of the Loyalty Review Board panel. Thereupon the Navy Department reinstated the plaintiff on March 8, 1949. On May 4, 1949, the plaintiff requested that his restoration to duty be made retroactive to October 14, 1946, the date of his first removal. On June 28, 1949, the Chairman of the Loyalty Review Board informed the plaintiff that the Navy Department had been requested to make the restoration retroactive to May 5, 1947, the date of the plaintiff's second removal from duty. The Navy Department did not do so, and the plaintiff has not been paid for the time that he was not permitted to work. The plaintiff earned $2,681.56 from outside sources during the periods here in question.

Section 14 of the Veterans Preference Act of 1944, 58 Stat. 387, 5 U.S.C.A. § 863, provides, *inter alia* that a "preference eligible", meaning a veteran, who has been discharged, or otherwise prejudiced in his employment: "* * * shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision: * * after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of same to the appellant or to his designated representative":

As stated, the plaintiff did appeal from his second removal to the Civil Service Commission, which sustained his appeal, whereupon he was reinstated by the Navy Department, but without pay for the time during which he was out of work because of the removal. The question is whether the Commission's decision that grounds for removal did not exist, which meant, of course, that the removal was a mistake, entitled the victim of the mistake to the pay which he would have earned but for the mistake.

The plaintiff's appeal to the Civil Service Commission was, as we have seen, expressly provided for in the Veterans Preference Act of 1944. The provision that the Commission should, after investigation and consideration, "submit its findings and recommendations" to the administrative officer who had discharged the veteran, suggests that the Commission had no final power of decision, but only the power to advise or recommend. We do not resolve that question. Here, as we suppose was true in practically all such cases, the Navy Department followed the recommendation of the Commission and reinstated the plaintiff. If it was not bound to do so, it was persuaded by the review and recommendation of the Commission to acknowledge its mistake and reverse its former action. The result of the statutory procedure was then, either that the Navy Department's decision was, on appeal, reversed by the Civil Service Commission, or that the Navy Department, as a consequence of the appeal and the advice which it received, reversed itself. In either case the writer of this opinion thinks that the normal consequences of a successful ap-

peal, i. e., that the erroneous original decision is undone and held for naught, should follow. In all the employment situations of which I am aware, the employer bears the burden of a wrongful discharge of an employee. This is true in the case of a contract of employment for a term, a union contract specifying grounds for discharge, or a discharge for union activities in violation of the National Labor Relations Act. I think that Congress did not intend, when it safeguarded carefully the rights of veterans in Government employment in the Act of 1944, to leave the veteran to bear the brunt of a discharge determined by the very procedure set up in that act to have been without cause.

The Government reminds us that we have frequently decided that if the procedural steps required by the statutes for the discharge of a civil servant have been followed, we will not review the merits of the administrative decision, in a suit for pay. I think we would not be doing so here, if we were to place our decision upon the ground suggested. The merits of the Navy Department's original decision were reviewed administratively pursuant to the statute, and the decision adverse to the plaintiff was administratively reversed. I think we would be merely determining the legal question of the effect of that reversal, under the statute. The Government cites our recent decision in the case of Ginn v. United States, 110 Ct.Cl. 637. In that case the plaintiff was suspended for making allegedly false statements in applications for citizenship for himself and another person. Before the administrative proceeding was terminated, the plaintiff brought a separate suit in a United States District Court and obtained a declaratory judgment to the effect that he was an American citizen. Thereupon the Immigration Service reinstated him. We held that he was not entitled to be paid for the period of his suspension.

In the Ginn case, the department in which the plaintiff was employed did not, by following the statutory administrative proceeding reach the conclusion that it had suspended Ginn without justification. It merely bowed to the decision of the court in a collateral suit and, in effect, reemployed the plaintiff. I think the Ginn case is distinguishable from the instant one.

As appears from the concurring opinion, the other judges think that the Ginn case is indistinguishable from the instant one, and that the plaintiff's recovery for his second removal cannot properly rest upon the ground which I have suggested.

The Act of June 10, 1948, 62 Stat. 354, 5 U.S.C., Supp. III (1950) amended the Act of August 24, 1912, 37 Stat. 555, 5 U.S.C.A. § 652 to provide that: Any person who is discharged * * * under section 14 of the Veterans' Preference Act of 1944, as amended, who, after answering the reasons advanced for such discharge * * * or after an appeal to the Civil Service Commission, as provided under such section, is reinstated or restored to duty on the ground that such discharge * * * was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge * * * for the period for which he received no compensation with respect to the position from which he was discharged * * * less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period.

The plaintiff was discharged before the 1948 Act took effect, but the decision that his discharge was unjustified, and his restoration to duty, occurred after it took effect. We do not think that the 1948 Act was retroactive, but I am inclined to think that, since the decision on appeal, favorable to the plaintiff, took place after the act was in effect, and since such a decision, and the reinstatement which followed, were necessary elements in establishing an employee's rights under that act, the act was applicable to the plaintiff's situation. But since I would conclude that, even without the benefit of the 1948 Act, the plaintiff is entitled to recover, I would not resolve that question.

The plaintiff is entitled to recover. Entry of judgment will be suspended to

await the filing of a stipulation of the parties showing the amount due the plaintiff.

It is so ordered.

WHITAKER, Judge (concurring).

I concur on the ground that plaintiff is entitled to the benefits of the Act of June 10, 1948. I do not think he is otherwise entitled to recover his salary from the date of his second discharge to the date of his reinstatement. I see no distinction between this case and Ginn v. United States, 110 Ct.Cl. 637. That decision, I think, was correct, and was required by Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140.

JONES, Chief Judge, and LITTLETON and HOWELL, Judges, concur in the foregoing concurring opinion.