Howell, Judgé,
delivered the opinion of the court:
The plaintiff, an Attorney Adviser in the Department of Labor, sues to recover salary in the amount of $6,358.69, less amounts earned in other employment, for the period August 1, 1949 to July 29, 1950, during which he was suspended without pay pending action on charge of disloyalty to the United States. The principal question presented for our determination is whether the provisions of the Act of June 10,1948, Chapter 447,62 Stat. 354,5 U. S. C. (Supp. IY) Section 652 (hereinafter also referred to as Public Law 623), authorizing the payment of compensation for periods of separation from the Government service in the case of persons improperly suspended or removed from such service, are applicable to federal employees not in the classified Civil Service.
The facts in this case have been stipulated. On April 13, 1942, plaintiff received a temporary war service appointment as Associate Attorney, Grade P-3, in the Department of Labor., One year later, on May 7, 1943, plaintiff’s appointment was changed to an appointment for the “duration of the present war and six months thereafter,” and plaintiff was promoted to Opinions Attorney, Grade P-4. The nature of plaintiff’s, appointment was again changed on May 1, 1947, when it was converted under the authority of Executive Order 9830, 3 C. F. E. (1947 Supp.) 108, 113, and the Civil Service Commission regulations issued thereunder, to an excepted Schedule A appointment.
: On March 21, 1947, the President issued Executive Order 9835, 3 C. F. E. (1947 Supp.) 129, prescribing a loyalty investigation of every employee and applicant for employment in any department or agency of the executive branch of the *371 Government.' The President directed the head of each department to promulgate and supervise the loyalty determination procedure within his department. Executive Order 9835 also provided certain rights for employees whose loyalty was doubted, and established a Loyalty Review Board in the Civil Service Commission to review cases involving persons recommended for dismissal on disloyalty grounds by the loyalty board of any department.
Pursuant to the authority vested in him by Executive Order 9835, supra, the Secretary of Labor issued General Order No. 17 creating a departmental loyalty board and establishing the procedure to be used in loyalty applications before this board. On October 26,1948, the Chairman of the Department of Labor Loyalty Board served plaintiff with written charges questioning his loyalty to the United States (Finding 7). Thereafter, on July 25,1949, plaintiff received another letter from the Chairman of the Loyalty Board informing him of the Board’s adverse determination with respect to his loyalty, and of the Board’s recommendation to' the Secretary of Labor that plaintiff be removed from employment. The letter further stated that pending his removal, or his appeal, the Board proposed to suspend plaintiff without pay and that “This notice of proposed suspension is a notification of proposed adverse action in accordance with Public Law 623, 80th Congress, and Section 9.102 of the Civil Service Commission Regulations.” Plaintiff filed his appeal from said notice of adverse action on July 28, 1949, and on July 29, 1949, plaintiff received a reply from the Chairman of the Board answering his appeal, and advising him of his suspension without pay beginning August 1, 1949, and to continue for such length of time as might be required by the Secretary of Labor to render a decision on plaintiff’s appeal.
Plaintiff was afforded a hearing upon his appeal before an official of the Department of Labor on August 16,1949. The Secretary of Labor notified plaintiff on November-7, 1949, that his appeal had been denied, but that he still had a right of appeal to the Loyalty Review Board of the United States Civil Service Commission, and that plaintiff’s suspension without pay would continue pending such an appeal. Plaintiff promptly filed his appeal with the Loyalty Review *372 Board on November 9, 1949, and was granted a hearing on March 2> 1950. The Civil Service Commission Loyalty Review Board concluded on March 7, 1950, that reasonable grounds did not exist for believing plaintiff disloyal and hence reversed the decision of the Secretary of Labor holding plaintiff ineligible for Federal employment. The Department of Labor was requested to restore plaintiff to his position, but instead, the Secretary of Labor on April 26, 1950, -asked the entire Civil Service Commission Loyalty Review -Board to review the decision of March 7,1950. This request was denied on June 7, 1950, and plaintiff was thereafter restored to his position as Attorney Adviser in the Department of Labor on July 31,1950.
Plaintiff, during the period of his suspension without pay, was advised by the Director of Personnel of the Department of Labor that in the event of his restoration to employment, he would receive compensation pursuant to the provisions of 5 U. S. C. (Supp. IY) Section 652, for the period of his suspension at the rate of compensation received by him on the date of his suspension less amounts earned by him in outside employment during such period. This advice was repeated to plaintiff in the Director of Personnel’s letter of July 24, 1950, notifying plaintiff of his restoration to employment. However, on August 2,1950, the Director of Personnel again wrote to plaintiff stating that he regretted the references in his letters of July 25,1949, and July 24,1950, to Public Law 623, as that Act was applicable only to persons employed in the classified Civil Service, and since plaintiff was an “excepted employee,” he could not be paid for the period of his suspension. On September 27, 1950, plaintiff submitted a el aim to the Comptroller General of the United States for the amount of salary due him for the period of his suspension. This claim was denied on December 1, 1950, on the ground that Section 652 (a), Title 5, of the United States Code,, related only to persons in the classified Civil Service.
The Act of June 10,1948, 5 U. S. C. (Supp. IV) Section 652, amending the Lloyd-LaFollette Act of August 24, 191% Chapter 389, Section 6, 37 Stat. 555, provides, in material part, that:
*373 (a) No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay. Copies of the charges, the notice of hearing, the answer, the reasons for removal or suspension without pay, and the order of removal or suspension without pay shall be made a part of the records of the proper department or agency, as shall also the reasons for reduction in grade or compensation; and copies of the same shall be furnished, upon request, to the person affected and to the Civil Service Commission. This subsection shall apply to a person within the purview of section 863 of this title, only if he elects.
(b) (1) Any person removed or suspended without pay under subsection (a) who, after filing a written answer to the charges as provided under such subsection or- after any further appeal to proper authority after receipt of an adverse decision on the answer, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period. A decision with respect to any appeal to proper authority under this paragraph shall be made at the earliest practicable date.
(2) Any person who is discharged, suspended, or furloughed without pay, under section 863 of this title, who, after answering the reasons advanced for such discharge, suspension, or furlough or after an appeal to the Civil Service Commission, as provided under such section, is reinstated or restored to duty on the ground that such discharge, suspension, or furlough was unjustified *374 or unwarranted,.shall be paid compensation at the rate received on the date of such discharge, suspension, or furlough for the period for which he received no compensation with respect to the position from which he was discharged, suspended, or furloughed, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period.
Defendant contends that subsections (a) and (b) (1) of this Act are, by their very terms, limited in application to federal employees in the classified Civil Service, and thus have no application to persons like plaintiff, serving in an excepted or nonclassified position. Plaintiff, however, urges that only the first sentence of subsection (a) is restricted to classified Civil Service employees, and that the remaining portion of subsection (a) and all of subsection (b) (1) are applicable to all federal employees inasmuch as they commence with the language “Any person * * *.” Plaintiff attempts to find additional support for this argument in the legislative history of the Act.
We have considered the provisions of Section 652 as applied to suspensions or dismissals arising out of loyalty tests in three recent cases, Mendez v. United States, 119 C. Cls. 345; Lezin v. United States, 120 C. Cls. 724; and Jackson v. United States, 121 C. Cls. 405, and have concluded that persons in the classified Civil Service and veterans are entitled to compensation in accordance with the provisions of subsections (b) (1) and (b) (2) in the event that the grounds for doubting their loyalty are found to be unwarranted. Although we were not faced with the question of the applicability of Section 652 to persons holding positions excepted from the classified Civil Service in the Mendez case, supra, we made the following statements at page 349 with respect to the intended coverage of the Act :
The purpose of the statute in question was to protect classified Civil Service employees from loss of pay if, upon the final decision on appeal on the charges preferred, it should be found that the grounds upon which such employee was suspended were not justified or warranted.
*375 Similar observations were made by the United States Court of Appeals for the District of Columbia in Bailey v. Richardson, 182 F. 2d 46, 52, affirmed 341 U. S. 918.
The Act of June 10, 1948, currently embodied in Section 652, is designated as an amendment to the original Lloyd-LaFollette Act of 1912, supra, which had been clearly confined in its operation to federal employees within the classified Civil Service. The plain literal meaning of the language used in the amending Act of 1948 is sufficient, we believe, to destroy any belief that Congress intended to enlarge the application of these provisions. When Congress used the language in the first sentence of subsection (a) that “No person in the classified Civil Service shall be removed or suspended without pay * * and then went on to specify in subsection (b) (1) that “Any person removed or suspended without pay under subsection (a), * * it was, we think, defining the limitations upon the applicability of these subsections. We believe that by using the language “Any person” in the second sentence of subsection (a) Congress was referring to the persons mentioned in the first sentence; i. e., persons within the classified Civil Service. To our minds any other construction would render Section 652 meaningless.
In Crooks v. Harrelson, 282 U. S. 55, 60, the Supreme Court set forth the rule which must govern our conclusion in this instance. The Supreme Court stated that the literal meaning of a statute is to be disregarded only when exceptional circumstances exist, and in order to override such meaning, there must be something which indicates the congressional intent that the tetter of the statute is not to govern. We, therefore, decline to adopt an interpretation of Section 652 which would render the first sentence of subsection (a) meaningless.
The legislative history of the Act, likewise, does not give any indication that Congress intended to include excepted employees within the operation of Section 652. An examination of Senate Report No. 414, 80th Congress, 1st Session, House Report No. 1436, 80th Congress, 2nd Session, and the report of the conference committee of both Houses, House Report No. 2011,80th Congress, 2nd Session, reveals only that *376 Congress intended to provide by this amendment compensation for classified Civil Service employees during periods of improper separation from the Government service. These-reports contain no reference to employees excluded from the classified Civil Service. It is inconceivable that Congress would attempt to enlarge the scope of the Lloy d-LaF ollette Act by the Act in question without expressly stating that such was its intent. The only references to excepted'employees are contained in a transcript of hearings on the legislation before the House Committee on the Post Office and Civil Service on January 23,1948, which transcript was never printed but which has been made available to the court for the purposes of this case. Representatives of the Department of the Army and of the Civil Service Commission urged the committee to enlarge the scope of the bill to include personnel holding excepted positions, but there is absolutely no indication that Congress attempted to carry out these recommendations.
The pattern of the existing legislation results in somewhat of a discrimination against excepted employees of the Civil Service. Classified Civil Service employees and veterans are entitled under Section 652 to compensation in the event of an unwarranted suspension. Likewise, by virtue of the provisions of the Act of August 26,1950, Chapter 803, Section 1, 64 Stat. 476, 5 U. S. C. Section 22-1, all employees of certain designated agencies who may be removed summarily are, upon reinstatement, entitled to compensation for the period of suspension' or removal. However, these provisions afford no basis upon which this court can grant plaintiff relief. Plaintiff must under these circumstances look to Congress for the relief which he is .now seeking from the courts.
Although we- have concluded that Section 652 is not applicable to plaintiff, we wish to point out that ample authority for the action of the Department of Labor Loyalty Board in suspending plaintiff without pay existed on the form of Executive ’ Order 9835. In fact, the Loyalty Board stated in its letters to plaintiff that its action was predicated in part upon the directives contained in Executive Order 9835. (Finding No. 7.) We find that the procedural requirements set forth in Executive Order 9835, which differ somewhat from those set forth in Section 652, were substantially com *377 plied with, in the course of the Loyalty Board’s action in the instant case.
Plaintiff next contends that even though subsection (a) and (b) (1) of Section 652 are not ordinarily applicable to persons employed in excepted positions, they must, under the circumstances which here exist, be applied to this case. Plaintiff points the fact that General Order No. 17, creating the Department of Labor Loyalty Board, was in part predicated upon the authority of the provisions of Section 652; that the action of the Department of Labor Loyalty Board in suspending him was stated to be taken pursuant to these provisions; that he was informed that in the event of his restoration to employment, he would be paid for the period of suspension without pay in accordance with these provisions ; and that the procedural steps actually afforded him were those set forth in these provisions. Plaintiff insists that the Government, having thus set the terms of his suspension without pay, is now obliged to apply those terms to his case and must make payment to him for the period of suspension, in accordance with subsection (b) (1). In effect, plaintiff is saying that the defendant, through its agents, purported at all times to be acting in this case under the authority of Section 652 and is now estopped to deny its application to him, at least insofar as it would entitle plaintiff to compensation.
However, plaintiff’s argument overlooks the fact that Congress is the only body under our Constitution with the authority to consent to the assumption of liability by the United States, or to authorize others to do so. The United States as the sovereign is immune from liability in the absence of congressional action, and neither the President nor any of his executive officers, nor the courts, possess power to impose such liability. The Supreme Court of the United States reached this conclusion in Wilber National Bank v. United States, 294 U. S. 120, 123, where it stated that:
Undoubtedly the general rule is that the United States are neither bound nor estopped by the acts of their officers and agents in entering into an agreement or arrangement to do or cause to be done what the law does not sanction or permit.
*378 Cf. Utah Power and Light Company v. United States, 234 U. S. 389; The Seminole Nation v. United States, 102 C. Cls. 565, 623. As we haye pointed out above, Congress has not consented to liability on the part of the United States for ■ unwarranted suspensions.of federal employees excepted from the classified Civil Service. Consequently, it follows that it was impossible for either the Secretary of Labor, or the Department of Labor Loyalty Board, or the Department of Labor Director of Personnel, to make the provisions of Section 652 applicable to-plaintiff and to bind the Government to compensate plaintiff for the period of his suspension.
Plaintiff also insists that his suspension from employment without pay by the Loyalty Board was wrongful because it was predicated upon a condition, namely, disloyalty to the United States, which did not exist. Plaintiff contends that under the decision of this court in the Lezin case, supra, a federal employee can recover for a-period of wrongful discharge or unwarranted suspension if the cause for the discharge or suspension has been found to be mistaken by the appropriate administrative body and has been administratively reversed. Plaintiff also relies upon cases such as Simon v. United States, 113 C. Cls. 182, and Elchibegoff v. United States, 106 C. Cls. 541, cert. dismissed 329 U. S. 694, which hold that where there are procedural defects in orders of dismissal or suspension, the Government is obliged to pay compensation for the period of wrongful suspension or discharge, and by analogy plaintiff argues that the same rule should apply where the suspension order is reversed because it was issued for a mistaken cause. Defendant urges that there were no procedural defects in plaintiff’s suspension and later restoration to employment, and that our decision in Ginn v. United States, 110 C. Cls. 637, rather than our decision in the Lezin case, supra, is controlling.
We believe that defendant’s contentions are correct, and that inasmuch as Section 652 is not applicable.to plaintiff, the rule laid down in the Ginn case, and repeated by a majority of the court in the Lezin case, applies to a suspension without pay on grounds of disloyalty, which suspension is later determined to be unwarranted. In the Lezén case, the court unanimously concluded that plaintiff, a veteran, was *379 entitled to recover compensation under .Section 652.(b). (.2) for the period during which he had been improperly removed from federal employment on grounds of disloyalty. However, the court was not unanimous on the question.of whether in the absence of Section 652 the Government' should bear the burden of the unwarranted discharge of the plaintiff. The majority of the court felt bound by the Ginn decision and concluded that in the absence of Section 652 (b) .(2) plaintiff could not recover. The Lezin case is not, therefore, authority upon which to base recovery in the instant case.
In the Ginn case we concluded that where a federal employee is suspended upon reasonable cause, as distinguished from an arbitrary suspension, and where the suspended employee is afforded proper and regular procedure, the suspended employee is not entitled to compensation for the period of suspension when it is subsequently determined that the cause for which he was suspended was insufficient. In the instant case the plaintiff was clearly afforded all the procedural rights provided for one engaged in a loyalty test. There is no showing that the Loyalty Board, which was charged in the first instance with the duty of suspending plaintiff, acted arbitrarily and without reasonable cause. The Loyalty Board was not alone in believing that reasonable cause existed for the suspension as the Secretary of Labor affirmed the Board’s decision recommending plaintiff’s removal from the Government service. We, therefore, conclude that plaintiff, a nonveteran, excepted employee outside the scope of Section 652, did not become entitled to recover compensation for the period of his suspension without pay by virtue of the decision of the Loyalty Keview Board of the Civil Service Commission holding his suspension to be unwarranted.
Plaintiff has presented a number of other arguments, all of which have their foundation in those contentions discussed herein. We have considered all of these arguments and are of the opinion that there is no merit in them. The plaintiff is not entitled to recover and his petition is dismissed.
It is so ordered.
Madden, Judge; Whitaker, Judge; Littleton, Judge; and Jones, Chief Judge, concur.