### GARCIA v. UNITED STATES.
No. 50459.

United States Court of Claims.
Dec. 2, 1952.

610

David Cobb, Washington, D. C., Cobb and Weissbrodt, Washington, D. C., on the brief, for the plaintiff.

S. R. Gamer, Washington, D. C., with whom was Holmes Baldridge, Asst. Atty. Gen., Gilbert E. Andrews, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This is an action by a former employee of the Government for the recovery of compensation for four separate periods of allegedly wrongful removal without pay from his position as an Associate Engineer with the War Department, and subsequently with the Department of the Army. The parties have filed cross-motions for summary judgment. Plaintiff's motion extends to the first three periods of separation. Defendant's motion extends only to the first two such periods.

The material facts, except as otherwise indicated, are not in dispute. Plaintiff is a preference eligible within the meaning of the Veterans' Preference Act of 1944, 58 Stat. 387, as amended, 61 Stat. 723, 5 U.S.C.A. § 851 et seq. Effective at the close of business on April 30, 1946, plaintiff was suspended from his position without pay pending final action on a recommended separaration. Thereafter, effective July 12, 1946,

plaintiff was discharged from his position on grounds of inefficiency. Upon appeal the Regional Director of the Fifth Civil Service Region recommended that plaintiff be restored to his position because of the failure of the agency to follow the procedural requirements relating to suspension and removal of a preference eligible, as set forth in 5 U.S.C.A. § 863, section 14 of the Veterans' Preference Act, supra, in respect of, *inter alia*, notices of proposed and final adverse action. This recommendation was approved by the Board of Appeals and Review of the Civil Service Commission, and plaintiff was restored to his position on July 15, 1947. Plaintiff claims back pay for the period from April 30, 1946, to July 15, 1947.

The Government's defense to plaintiff's first claim (as well as to plaintiff's second and third claims) is constructed upon the act of June 10, 1948, 62 Stat. 354, 5 U.S.C.A. § 652, which provided in pertinent part as follows:

5 U.S.C.A. § 652(b) (2).

"Any person who is discharged, suspended, or furloughed without pay, under section 863 of this title, who, after answering the reasons advanced for such discharge, suspension, or furlough or after an appeal to the Civil Service Commission, as provided under such section, is reinstated or restored to duty on the ground that such discharge, suspension, or furlough was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge, suspension, or furlough for the period for which he received no compensation with respect to the position from which he was discharged, suspended, or furloughed, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period."

Defendant says, in connection with the first claim, that Congress intended by the passage of this provision in the act of June 10, 1948, to make it the exclusive source of the right to recover back pay in the instance of a veterans' preference eligi-

ble, as that term is used in the Veterans' Preference Act, supra, who has been restored to duty after a period of wrongful separation from his position. Defendant next contends that Congress did not intend to provide in section 652 for recovery of back pay where the separation was wrongful merely because of violations of the procedure prescribed in section 863. Defendant says further in effect that by omitting from section 652 any provision for recovery of back pay for procedural violations, Congress thereby intended that all such claims should be abolished. Defendant extends this argument with the further contention that not only did Congress intend to prohibit recovery on such claims which might arise after June 10, 1948 (the date of the act in question), but also that Congress intended to outlaw all such claims which had arisen prior to June 10, 1948. Plaintiff's first claim, of course, arose prior to June 10, 1948.

As to defendant's multiple contentions, we shall content ourselves on plaintiff's first claim merely with pointing out that regardless of the scope of the act of June 10, 1948, it was not intended to be retroactive in application. Lezin v. United States, 98 F.Supp. 574, 120 Ct.Cl. 724. Defendant apparently would abolish all claims which had not been reduced to judgment by that date. The act of June 10, 1948, and its legislative history will be searched in vain for the slightest shred of evidence in support of such a result.

We have held previously in similar circumstances that a preference eligible may recover for loss of compensation occasioned by denial of his procedural rights under section 863. Wittner v. United States, 76 F.Supp. 110, 110 Ct.Cl. 231; Lamb v. United States, 90 F.Supp. 369, 116 Ct.Cl. 325; Stringer v. United States, 90 F.Supp. 375, 117 Ct.Cl. 30 (all involving procedural violations prior to June 10, 1948). Cf. Elchibegoff v. United States, 106 Ct.Cl. 541, certiorari granted 329 U.S. 704, 67 S.Ct. 187, 91 L.Ed. 613, certiorari dismissed 329 U.S. 694, 67 S.Ct. 629, 91 L.Ed. 607 (arising under earlier legislation). Under those holdings plaintiff is entitled to summary judgment on his first claim.

It is appropriate here also to point out a basic contradiction in defendant's argument. There is no question but that the first suspension and removal were procedurally defective. The second separation, hereinafter discussed, was apparently effected upon the same charges of inefficiency as was the first. Because the second separation was held to be unjustified and unwarranted on the merits, defendant is forced to the concession that the first removal was also unjustified and unwarranted on the merits. Defendant construes the act of June 10, 1948, as being applicable only to removals unjustified and unwarranted on the merits, but contends (correctly) that plaintiff is not entitled to base his recovery for his first claim upon that act, because the act was not retroactive. Yet defendant contends that plaintiff cannot recover on the basis of denial of his procedural rights, because the act of June 10, 1948, took away that right. In other words, defendant would have us apply the act retroactively where such application would benefit defendant, and deny retroactive application where such application would benefit plaintiff. There is not the slightest justification for such an unusual result.

Effective at the close of business on August 15, 1947, plaintiff was again separated from his position, on charges of unsatisfactory performance of his duties. Upon appeal to the Regional Director it was found that such charges were unsupported by the evidence. Under date of May 21, 1949, the President of the Civil Service Commission advised the Secretary of the Army of the approval of the Regional Director's findings by the Board of Appeals and Review, and recommended that plaintiff be restored to his position. Under date of June 25, 1948, the President of the Commission further advised the Secretary of the Army that under the amendment to the Veterans' Preference Act, supra, approved August 4, 1947, such recommendation was mandatory upon the Department of the Army. Effective July 26, 1948, plaintiff

was again restored to his position with the Department of the Army. For this, the second period of wrongful removal, plaintiff claims compensation from August 15, 1947, to July 26, 1948.

There was no denial of plaintiff's procedural rights under section 863 with respect to the second removal. He was ultimately restored to duty on the ground that his removal was unjustified and unwarranted on the merits. We have held that in the absence of entitlement under the act of June 10, 1948, and in the absence of a showing of arbitrary or malicious action, such circumstances do not empower this court to award back pay. Ginn v. United States, 110 Ct.Cl. 637; Brown v. United States, 122 Ct.Cl. 361. Plaintiff does not contend that such action was taken arbitrarily or with malice, and he therefore must necessarily show that he is entitled to recover under the act of June 10, 1948.

It may be noted here that while his second removal was effected prior to June 10, 1948, his restoration to duty therefrom did not occur until July 26, 1948. In similar circumstances, in Lezin v. United States, supra, we held that despite the fact that the act could not be applied retroactively, the further fact that Lezin's restoration did not take place until after June 10, 1948, justified recovery under the act. See also Jackson v. United States, 121 Ct.Cl. 405. Thus it would appear that if plaintiff's restoration to duty on July 26, 1948, is to be taken as marking the end of plaintiff's second period of wrongful separation, then plaintiff as in the Lezin case is entitled to recover under the act of June 10, 1948.

Defendant seeks to distinguish the instant case from Lezin v. United States, supra, however, in that here, while plaintiff was actually restored to duty subsequent to the passage of the act of June 10, 1948, the final administrative decision and recommendation of reinstatement was issued on May 21, 1948, prior to the passage of the act. Defendant contends that for the purpose of determining whether or not the act is sought to be applied retroactively the critical date is May 21, 1948, when the highest administrative authority found that the discharge was unjustified and unwarranted and rec-

ommended that plaintiff be restored to duty. Defendant concludes that plaintiff is seeking retroactive application of the act, and that therefore defendant's motion for summary judgment should be granted.

Defendant's contention, insofar as it imparts to Congress the intent that the benefits of Section 652(b) (2) should accrue immediately upon the issuance of a recommendation of reinstatement, is at odds with the language of the act itself. While reinstatement in one sense must necessarily follow a mandatory recommendation therefor, the act speaks not of such a recommendation in the description of those entitled to the benefits conferred therein. Rather it speaks expressly in terms of restoration or reinstatement itself, and no valid reason has been offered to justify a departure from those terms here. It is the fact of restoration or reinstatement which qualifies a claimant under the express language of the act, and in the usual situation it must be the date of restoration or reinstatement which determines whether or not a claimant is seeking retroactive application of the act.

Further, in the absence of a showing that the employee himself was in some way responsible for extending the period between the recommendation and the actual reinstatement, we believe the actual reinstatement date is not only determinative as to whether an employee is entitled to any compensation under the act of June 10, 1948, but is also the measure of that compensation. It is inevitable that some interval of time will elapse from the date of the issuance of a recommendation of reinstatement and the actual reinstatement itself. Ordinarily the actual period of wrongful separation continues until the administrative machinery can respond to the reinstatement directive. However, where the circumstances responsible for the delay in reinstatement are attributable to the employee and do not flow from the wrongful separation itself, to that extent the separation loses its wrongful character. Recovery for such a period would be inconsistent with the obvious purpose of the remedial provisions of the act of June 10, 1948, and we do not believe it would be required thereby.

Defendant does not state that plaintiff's restoration to duty was in any way delayed by any action taken by plaintiff. On the contrary defendant's attorneys admit that at the present time they "do not know the reason for the delay, whether at plaintiff's request or otherwise." Defendant hypothesizes that the reinstatement may conceivably have been delayed by some action attributable to plaintiff, and contends that therefore plaintiff's motion for summary judgment, under which his second claim is before us, should be denied pending a determination of the actual facts surrounding the interval between the recommendation on May 21, 1948, and the reinstatement on July 26, 1948.

■ We believe that defendant has misconstrued the function of a motion for summary judgment. Our rule 51, Summary Judgment, contained in the revision of the rules dated May 15, 1951, 28 U.S.C.A., is patterned very closely upon rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., under which the practice has been well defined through considerable use in the district courts for a number of years. Summary judgment will not be granted where there is a genuine issue of material fact, and where such an issue is present, for purposes of the motion, all doubts will be resolved against the moving party. Dulansky v. Iowa-Illinois Gas & Electric Co., D. C., 10 F.R.D. 566. The duty of the court on such a motion is not to resolve genuine issues of fact, but to determine if such issues are present.

"While a court should not under summary judgment procedure pass on the sufficiency of the evidence, the sufficiency of the evidence may become a question of law for decision by the court if there is an absence of proof sufficient to support a claim or defense." [Dulansky v. Iowa-Illinois Gas & Electric Co., supra, 10 F.R.D. at page 577.]

■ An opposing party may not create a genuine issue of fact on a motion for summary judgment merely by suggesting that such an issue *might* arise if the case were to go to trial on the merits. On the contrary it is well established that:

"When a party presents evidence on which, taken by itself, it would be entitled to a directed verdict if believed, and which the opposite party does not discredit as dishonest, *it rests upon that party at least to specify some opposing evidence which it can adduce and which will change the result.* * * * the record against it was too specific to be met by mere hypothesis." [Radio City Music Hall Corp. v. United States, 2 Cir., 135 F.2d 715, 718, opinion by Judge Learned Hand affirming summary judgment for plaintiff. Italics added].

See also Pen-Ken Gas & Oil Corp. v. Warfield Natural Gas Co., 6 Cir., 137 F.2d 871, certiorari denied 320 U.S. 800, 64 S.Ct. 431, 88 L.Ed. 483, rehearing denied 321 U.S. 803, 64 S.Ct. 634, 88 L.Ed. 1089.

There is admittedly a complete absence of evidence in the instant case to support defendant's hypothesis that plaintiff may in some way have been responsible for delaying his restoration to the extent of precluding or limiting recovery under the act of June 10, 1948. The only evidence of possible relevance is that on June 25, 1948, the President of the Civil Service Commission in a second communication to the Secretary of the Army advised the latter that the Commission's recommendation that plaintiff be restored to duty was mandatory. There is certainly no inference unfavorable to plaintiff to be drawn from this fact. Defendant thus has failed to raise a genuine issue of fact as to plaintiff's second claim, and defendant's conjecture is without legal efficacy. Plaintiff's motion for summary judgment on his second claim must be allowed.

On July 27, 1948, immediately following plaintiff's second restoration to duty, he was suspended without pay for a period of 90 days, and thereafter on October 27, 1948, placed in the status of leave without pay. Defendant states in its brief that the October 27 action was taken at plaintiff's own request. Effective December 17, 1948, plaintiff was separated from his position

"for failure to qualify in character".[1] Pursuing the by-this-time familiar channels of appeal plaintiff obtained a reversal of this action from the Regional Director. Under date of July 1, 1949, the Chairman of the Board of Appeals and Review of the Civil Service Commission affirmed the Regional Director's decision, and recommended that plaintiff be restored to duty, on the grounds that plaintiff had not been afforded "any and all reasons, specifically and in detail, for any such proposed action", as required under section 863. Under date of July 13, 1949, plaintiff was requested to report to the agency on or about July 25, 1949, relative to reinstatement. His reinstatement was then postponed pending consideration of his right to compensation after restoration, under the act of June 10, 1948. Defendant states in its brief that plaintiff requested the postponement. Plaintiff was actually restored to duty effective August 30, 1949. He claims compensation from July 27, 1948, to August 30, 1949, for this period of wrongful separation.

Effective at the close of business on August 31, 1949, plaintiff was again suspended without pay, for a period not to exceed 30 days. Effective September 30, 1949, he was placed in the status of leave without pay. Thereafter, on October 14, 1949, he was removed from his position upon three separate charges. Upon appeal to the Board of Appeals and Review it was found that only one of those charges—concerning character unsuitability—had any merit. On August 7, 1951, the Chairman of the Civil Service Commission affirmed the Board's decision, according to plaintiff's petition, and refused to reverse the agency action in separating plaintiff from his position. Plaintiff alleges and defendant denies that the action of the Department of the Army in suspending him on August 31, 1949, in placing him on leave without pay on September 30, 1949, and in effecting his removal on October 14, 1949, was arbitrary, capricious, and with willful and malicious design; and further, that the action of the Civil

Service upon appeal was a breach of plaintiff's rights under the Veterans' Preference Act.

There are issues of fact present in plaintiff's claim for the fourth period of allegedly wrongful removal which cannot be decided upon a motion for summary judgment, and for this reason both plaintiff and defendant have omitted the fourth removal from their motions. The facts in connection therewith are important, however, in that defendant argues that plaintiff's claim for the third period of removal must stand or fall with plaintiff's claim for the fourth period, and that therefore consideration of the plaintiff's third claim must be postponed until the fourth claim can be acted upon.

To reach this conclusion defendant again adverts to the argument advanced in connection with plaintiff's first claim. To restate this argument, as applied specifically to plaintiff's third claim, defendant says first that Congress intended that the act of June 10, 1948, should be an all-inclusive statement of the rights of a preference eligible who has been restored to duty to recover for loss of pay during a period of wrongful separation. In other words, if the preference eligible cannot recover under section 652(b) (2), he cannot recover at all. The Government says further that by limiting recovery to those who have been restored to duty on the ground that the separation had been "unjustified or unwarranted" Congress intended to exclude from section 652 those instances where the separation was wrongful solely because of precedural violations, i. e., that "unjustified or unwarranted" refers exclusively to justification or warrant on the merits of the charges under which the action was initiated. Defendant then states that by omitting from section 652 claims for procedural violations Congress intended to completely abolish such claims, notwithstanding that prior thereto a preference eligible might have recovered upon such claims. Defendant continues that as yet there has been no decision on the merits of the third suspen-

1. Plaintiff alleged in his petition that he was separated on December 17, 1948. Inasmuch as defendant admitted this allegation in its answer, the statement in its brief that plaintiff was separated on January 27, 1949, is apparently an inadvertence.

sion and removal, and that there will be no such decision until plaintiff's claim is decided for the fourth removal, which was taken upon the same charges as was the third.

Defendant concludes that inasmuch as plaintiff's claim for the fourth removal is not before us on these motions for summary judgment, and that plaintiff's third claim must await determination of the fourth claim, therefore plaintiff's motion for summary judgment on the third claim must be denied.

■ As to defendant's contention that a preference eligible cannot recover *under section 652(b) (2)* solely on the basis of a denial of his procedural rights, we need express no opinion. Even if that were so, the fallacy in defendant's argument is more basic, and renders its subsequent argument immaterial. That fallacy lies in defendant's theory that the act of June 10, 1948, section 652, was in some way intended to restrict the prior existing rights of a preference eligible to recover for separations ordered in violation of the procedure prescribed in section 863, and that plaintiff must recover under section 652 or not at all. Prior to the enactment of section 652(b) (2) on June 10, 1948, a preference eligible was entitled to recover for procedurally improper separations under section 863. It is quite clear that Congress never intended by the act of June 10, 1948, to abolish or in any way modify the right of a preference eligible to recover on such claims under section 863, independently of section 652, on the same basis as recovery prior to the enactment of section 652 on June 10, 1948. Directly in point was our comment in the recent case of Gregory v. United States, Ct.Cl., 107 F.Supp. 840, 843:

"Rather, we find every indication from both the legislative history and from the evils that the statute was designed to correct that Congress did not intend the legislation to take away any rights to retroactive compensation to

which veterans had previously been found entitled, but instead intended this legislation to supplement those rights which already existed."

As with plaintiff's first claim, and under the authorities there cited, he may also recover for the third claim, likewise resulting from a denial of his procedural rights under section 863. It is not essential to plaintiff's recovery to show in addition that the action was unjustified or unwarranted on its merits. To hold otherwise would considerably dilute the rights conferred upon veterans under the Veterans' Preference Act.[2] There is absolutely no indication that such was the intention of Congress in enacting section 652.

■ For the third period of wrongful separation plaintiff claims compensation from July 27, 1948, to August 30, 1949. We note that plaintiff was placed in the status of leave without pay effective October 27, 1948. Defendant has stated in its brief that such action was taken at plaintiff's request. If this statement were supported by the record it would appear therefrom that in computation of plaintiff's compensation for the third claim, such period as he was in the status of leave without pay at his own request should be excluded.

■ Statements of fact contained in the briefs of counsel, which are not otherwise supported in the record, may not serve as the basis of judgment. Rule 51(c) provides that "The judgment sought shall be rendered if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rules of Court of Claims, rule 51(c), 28 U.S.C.A.

Inasmuch as the motions before us are directed to the issue of liability and the case must be referred to the commissioner of the court on the issue of the amount of plaintiff's recovery, the parties will hereafter have an opportunity to submit evi-

2. Our discussion has been largely directed to the rights of veterans' preference eligibles, under sections 863 and 652(b) (2). There is an obvious analogy, how-

ever, between those two sections and sections 652(a) and 652(b) (1), also in Title 5, U.S.C.A. defining rights of classified employees.

dence relative to plaintiff's status from October 27, 1948, to December 17, 1948, with specific reference to whether plaintiff was placed in the status of leave without pay at his own request.

Similarly we note that following the mandatory recommendation for reinstatement in connection with the third period of wrongful separation, under date of July 13, 1949, plaintiff was requested to report to the agency on or about July 25, 1949, relative to reinstatement. Whether that request contemplated actual reinstatement on July 25, 1949, or whether it was merely preliminary thereto with actual reinstatement to follow thereafter, does not yet appear. The record discloses, however, that actual reinstatement was postponed until August 30, 1949. The defendant states, again in its brief, that such postponement was at plaintiff's request, and plaintiff in his reply brief assumes the truth of this statement. As we have indicated earlier we are of the opinion that to the extent that such postponement resulted at plaintiff's request, and therefore could not be reasonably attributed to the wrongful action of the Government in removing plaintiff from his position in a procedurally improper manner, plaintiff should not be allowed to recover compensation in an action based upon the wrongful separation. That the Government might have refused to honor plaintiff's request for a postponement, as plaintiff points out, does not relieve plaintiff of the consequences. If the Government grants such a privilege to an employee, it does not behoove the employee to complain thereof.

Inasmuch as the record is incomplete, however, as to the extent of the postponement of plaintiff's reinstatement, and is silent as to whether such postponement was at plaintiff's request—although the latter point is touched upon in the briefs—the parties will be afforded an opportunity to offer such proof as they may have on these points.

Defendant's motion for summary judgment on plaintiff's first two claims is denied. Plaintiff's motion for summary judgment on the issue of liability on the first two claims is granted, for the periods April 30, 1946, to July 15, 1947, and August 15, 1947,

to July 26, 1948, respectively. Plaintiff's motion for summary judgment is granted on the issue of liability on the third claim for the periods July 27, 1948, to October 27, 1948, and December 17, 1948, to July 25, 1949. Plaintiff's motion for summary judgment on the issue of liability, insofar as it relates to the periods October 27, 1948, to December 17, 1948, and July 25, 1949, to August 30, 1949, is denied. The case will be referred to a commissioner of the court for the taking of evidence as to (1) whether it was at plaintiff's own request that he was placed on leave without pay from October 27, 1948, to December 17, 1948; (2) whether the postponement of plaintiff's reinstatement ultimately effected on August 30, 1949, resulted at plaintiff's own request; and (3) if so, the extent of such postponement, i. e., when, but for such request, plaintiff would have been restored to his position. The commissioner will also, of course, take evidence as to the amount of compensation to which plaintiff is entitled under this opinion.

It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, JJ., concur.