Monica **MALONE** et al., Plaintiffs,

v.

**Willie HALL, Defendant.**

**SHIPPERS DISPATCH, INC., Defendant and Third-Party Plaintiff,**

v.

**UNITED STATES of America, Third-Party Defendant.**

No. C75–1084.

United States District Court, N. D. Ohio, E. D.

Oct. 20, 1976.

John D. Liber, Spangenberg, Shibley, Traci, Lancione & Markus, Cleveland, Ohio, for plaintiffs.

Ronald P. Wertheim, Ginsberg, Feldman & Bress, Washington, D. C., for defendant and third-party plaintiff.

Richard T. Reminger, Reminger & Reminger Co., L.P.A., Cleveland, Ohio, for defendant.

Joseph A. Cipollone, Asst. U. S. Atty., Cleveland, Ohio, John J. Farley, III, Trial Atty., Tort Section, Civil Division, U. S. Dept. of Justice, Washington, D. C., for third-party defendant.

. MEMORANDUM AND ORDER

MANOS, District Judge.

This is a diversity action in which plaintiff seeks compensatory damages for the wrongful death of plaintiffs' decedent, Lawrence Malone, and for personal injuries to plaintiffs Monica and Carol Malone, arising out of an automobile accident with defendant Hall on September 3, 1975, in Lo-

rain County, Ohio. Defendant Shippers Dispatch, Inc. [Shippers] seeks indemnification from the United States as a third-party defendant, asserting that it was compelled to hire defendant Hall, whose qualifications did not meet Shippers' prior standards, in order to comply with the affirmative action mandates of a consent order, in a suit instituted by the Attorney General on behalf of the United States, to which Shippers was a party.[1] Jurisdiction is purportedly invoked pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2675.

Third-party defendant United States moves to dismiss the third-party complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (6), respectively. Further, the United States seeks a protective order, pursuant to Rule 26(c), Fed.R.Civ.P., with respect to the answer of interrogatories propounded by Shippers, pending a ruling on the aforesaid motion to dismiss.

In light of the restrictions imposed by the sovereign immunity doctrine on litigation against the United States, it is imperative that Shippers, in order to confer jurisdiction herein, must strictly adhere to the specific mandates of the jurisdictional statute upon which it relies. *See, United States v. Sherwood*, 312 U.S. 584, 590, 61 S.Ct. 767, 85 L.Ed. 1058 (1940).

In support of the asserted lack of subject matter jurisdiction, the United States maintains that Shippers has failed to allege any of the required jurisdictional elements of § 1346(b), which provides in pertinent part:

"Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Although sensitive to its obligation to construe the pleading most favorably to Shippers, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the Court concludes that the motion to dismiss is well-taken.

Shippers' cause of action against the United States is predicated upon the following allegations:

"(9) . . . that by reason of litigation initiated against it wherein the United States of America and Equal Employment Opportunity Commission were Plaintiffs and Shippers Dispatch, Inc., one of the defendants, as set forth in United States District Court for the District of Columbia, Civil Action Case No. 74–453, in their decree filed May 30, 1974, established mandatory provisions for the qualification for drivers to be hired subsequent to said date, as well as ratios relating thereto wherein a minimum of thirty-three and one-third percent (33⅓%) of said drivers hired subsequent to the aforesaid date were to be of specified minority in origin and that such qualifications and/or standards, although possibly in excess of the minimum standards as promulgated by the Department of Transportation, were less than qualifications and standards as adopted by the Third-Party Plaintiff herein, to wit: SHIPPERS DISPATCH, INC., all of which has resulted in increased accident exposure upon the highways and attendant costs thereof, all to the detriment of Third-Party Plaintiff, SHIPPERS DISPATCH, INC.

1. *See, United States of America v. Trucking Employers*, Case No. 74–453 (D.C., March 20, 1970).

"(10) Third-Party Plaintiff further says that pursuant to the aforesaid judicial decree of the Equal Employment Opportunity Commission it was compelled to hire one WILLIE HALL, a Defendant herein, on June 25, 1974, whose qualifications as an over-the-road driver did not meet the standards of SHIPPERS DISPATCH, INC. and that subsequent thereto one WILLIE HALL was involved in the aforesaid accident occurring on or about September 3, 1975, wherein one party claims damages for wrongful death and two other parties for multiple and severe personal injuries, claiming monetary damages in the aggregate against SHIPPERS DISPATCH, INC. in the amount of Two Million, Three Hundred, Fifty Thousand Dollars ($2,350,000.00)."

Apparent from the foregoing is the patent insufficiency of such allegations for invocation of jurisdiction pursuant to the Federal Tort Claims Act. Shippers' complaint does not charge any Government employee, with a negligent or wrongful act.

▆▆▆ Shippers attempts to cure these data defects by stating in its brief that "government representatives" were "negligent in preparing and drafting pertinent portions of the 'Partial Consent Decree'

. . . .[2]" The Court is foreclosed from considering the sufficiency of such assertions relative to § 1346(b) inasmuch as they are included in counsel's legal memoranda, not a pleading, and thus are not part of the record herein.[3] See, Sardo v. McGrath, 90 U.S.App.D.C. 195, 196 F.2d 20, 23 (1952); United States v. Malkin, 317 F.Supp. 612, 614, fn. 6 (D.C.N.Y.1970); Garcia v. United States, 108 F.Supp. 608, 615, 123 Ct.Cl. 722 (1952); Brookins v. Chrysler Corp., 381 F.Supp. 563, 566 (D.C.Mich.1974).

Accordingly, the Court dismisses the third-party complaint pursuant to Rule 12(b)(1), and the United States' Rule 12(b)(6) and Rule 26 motions need not be considered. See, Gibbs v. Buck, 307 U.S. 66, 71–72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188–89, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Dorfman v. Chemical Bank, 56 F.R.D. 363, 364–65 (D.C.N.Y.1972).

Pursuant to Fed.R.Civ.P. 54(b) the Court expressly determines that there is no just reason to delay the entry of a final judgment dismissing the Government and instructs the clerk to prepare a final judgment dismissing Shipper's third-party complaint against the United States of America. Because of the Court's Rule 54(b) de-

2. See, Shippers' Brief in Opposition to Motion to Dismiss Third-Party Complaint, at 7.

3. Even if this Court considered the factual material in Shippers' brief "well pleaded," it still would not satisfy the requirements of 28 U.S.C. § 1346(b). In its brief Shippers charges the Government officials who drafted the Trucking Employer's consent decree acted with "negligence." See, Shippers' Brief in Opposition to Motion to Dismiss Third-Party Complaint, at 5. Government officers who prepare litigation materials while enforcing the law are absolutely immune from suits seeking damage awards against them. See, Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 991–92, 47 L.Ed.2d 128 (1976); Yaselli v. Goff, 12 F.2d 396, 404–06 (2nd Cir. 1926); Gregoire v. Biddle, 177 F.2d 579, 581 (2nd Cir. 1949), cert. den. 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363; Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 140–41 (1938); Anderson v. Rohrer, 3 F.Supp. 367, 368 (S.D.Fla.1933); Pearson v. Reed, 6 Cal. App.2d 277, 44 P.2d 592 (1935); Anderson v. Manley, 181 Wash. 327, 43 P.2d 39 (1935). Since the Government officials who Shippers argues were negligent possess an absolute immunity, there is no basis for Shippers to recover a money award from the United States Government on a respondeat superior theory absent a highly specific statutory authorization for such a recovery. Compare, Bivens v. Six Unknown Named Federal Agents, 403 U.S. 388, 412, 421–24, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (Burger, Chief Justice, concurring); Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 3052, 3055, 49 L.Ed.2d 1067 (1976) (Burger, Chief Justice, concurring). Furthermore, Shippers may be barred by res judicata from asserting a claim against the Government because it acquiesced in the consent order which is both an agreement and a final judgment. Also, assuming, purely arguendo, that the United States Government is chargeable with negligence in drafting the terms of the Trucking Employer's consent decree, Shippers must be guilty of contributory negligence for agreeing to that assertedly, negligently drafted decree. Such contributory negligence would bar their recovery.

1003

termination, it orders plaintiff Malone's claims against defendants Hall and Shippers tried separately from the claims in Shippers' third-party complaint. *See,* Fed. R.Civ.P. 42(b).

IT IS SO ORDERED.