**MENDEZ v. UNITED STATES.**

No. 49630.

United States Court of Claims.

Decided April 3, 1951.

Byron N. Scott, Washington, D. C., for plaintiff.

Gordon F. Harrison, Washington, D. C., Newell A. Clapp, Acting Asst. Atty. Gen.,

S. R. Gamer, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

The plaintiff is a classified Civil Service employee of the Post Office Department, having entered on duty in the Post Office at Los Angeles, California, February 1, 1947, as a substitute clerk. On October 12, 1948, he was served with written charges touching his loyalty to the United States. After he had answered, denying such charges, and a hearing had been held, at which the plaintiff was personally present and represented by counsel, before the Post Office Departmental Loyalty Board on February 15, 1949, that Board found that reasonable grounds existed for the belief that plaintiff was not loyal to the Government, and, upon recommendation of the Board, plaintiff was suspended from duty and pay May 19, 1949. Plaintiff appealed to the Postmaster General who approved the action of the Board. Thereupon plaintiff took an appeal to the Loyalty Review Board of the U. S. Civil Service Commission and that Board, after a hearing on the appeal and a consideration of the entire record, found and concluded that reasonable grounds did not exist to believe that plaintiff was disloyal, and that the decision of the Postmaster General affirming the finding of the Departmental Board that plaintiff was ineligible for Federal employment was reversed. The Review Board notified the Post Office Department of its decision and requested that department to restore plaintiff to his position.

Upon these facts we are of the opinion that plaintiff should have been paid, and that he is here entitled to recover compensation, at the rate received by him on the date of his suspension, for the period for which he received no compensation with respect to the position from which he was suspended, less an amount of $60 received by him for other employment. Section 652(b) (1), U.S.C.A. Title 5, provided, so far as here material, as

follows: "Any person removed or suspended without pay under subsection (a) who, after filing a written answer to the charges as provided under such subsection or after any further appeal to proper authority after receipt of an adverse decision on the answer, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period."

Soon after plaintiff was restored to duty in the position previously held by him he demanded payment of compensation during the period of his suspension, under the above-quoted section and the finding and decision of the Loyalty Review Board. This claim was denied, and plaintiff was advised by letter from the Chairman of the Departmental Loyalty Board of the reason therefor, as follows:

"While the Loyalty Review Board reversed the Department's adverse decision in this case and requested that Mr. Mendez be restored to duty, that Board did not make a finding that his restoration to duty was on the ground that his suspension was unjustified or unwarranted.

"Mr. Mendez was not restored to duty on the ground that such (his) suspension was unjustified or unwarranted within the meaning of the act of June 10, 1948, Public Law 623, and the conditions under which the right to back pay is to vest as set forth in the decision of the Comptroller General of the United States above referred to. Under the circumstances, the Department is not authorized to make such payment."

The decision of the Comptroller General, referred to by the Department, set forth the substance of Section 652, supra, and held that "the right [to pay during the period of suspension] in eligible cases will thus vest contingently upon the removal or suspension, and absolutely upon the reinstatement or restoration." We think this is a correct interpretation of the statute. The substance and effect of the finding and conclusion of the Loyalty Review Board reversing the decisions of the Departmental Board and the Postmaster General, on the ground that upon the entire record reasonable grounds did not exist to believe that plaintiff was disloyal to the Government of the United States, was that plaintiff's suspension from duty and pay was not justified or warranted. Quanah, Acme & Pacific Ry. Co. v. United States, D.C., 28 F.Supp. 916, 917, 918; affirmed, 308 U.S. 527, 60 S.Ct. 381, 84 L.Ed. 445. The purpose of the statute in question was to protect classified Civil Service employees from loss of pay if, upon the final decision on appeal on the charges preferred, it should be found that the grounds upon which such employee was suspended were not justified or warranted. This is but another way of saying that the employee should receive the pay of his position during the period of his suspension if it should be found, upon appeal, that the grounds upon which he was suspended did not exist. The decision of the Loyalty Review Board was to that effect. When the Review Board made this finding and requested the Postmaster General to restore plaintiff to his position, the decisions of the Departmental Board and the Postmaster General were no longer effective in any respect. The Executive Order 9835, March 21, 1947, 5 U.S.C.A. § 631, note; 12 F.R.1935, relating to investigations of loyalty, section 9A (1), Act of Aug. 2, 1939, 5 U.S.C.A., § 118j(1), and administration of Employees Loyalty Program in the Executive Branch of the Government, provided in Part V, paragraph 1, as follows: "The standard for the refusal of employment or the removal from employment in the executive department or agency on grounds relating to loyalty shall be that, on all the evidence, reasonable grounds exist for belief that the person involved is disloyal to the Government of the United States."

Section 652, supra, is a general statute relating to all employees in the classified

Civil Service of the United States, and it is conceivable that there might arise in some cases a situation in which an employee might be suspended from duty or discharged on a certain ground and later reinstated or restored to duty on grounds other than that the original action was unjustified or unwarranted, but it is clear from the facts that we do not have such a case here. Plaintiff was restored to duty for the reason that the very ground upon which he was suspended did not exist.

The plaintiff is entitled to recover, and judgment will be entered in his favor for $1,863.25. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN, and WHITAKER, Judges, concur.