Whitaker, Judge,
delivered the opinion of the court:
Plaintiff sues for his salary as a chauffeur at the Naval Supply Depot in San Pedro, California, from June 6, 1947, until January 10,1949. On June 6,1947, he was suspended without pay on the ground that there was reasonable doubt as to his loyalty to the Government of the United States. Following this, on June 10, 1947, the Naval Supply Depot wrote him that evidence had been received that he was a member of and had attended meetings of a club which advocated the overthrow of the Government by force, which created a doubt as to his loyalty to the Government. This letter stated that from June 7 to July 10,1947, plaintiff would be carried in an inactive duty status without pay or that this time should be charged to his accrued annual leave, if any.
Plaintiff appealed to the Secretary of the Navy and to the Civil Service Commission, and on September 5,1947, he was restored to duty because of deficiencies in the required procedure preliminary to his discharge.
On September 9,1947, he was given notice of his proposed removal because, among other things, it was alleged he was a member of the Frankie Padovan Communist Party at San Pedro, California. The letter also stated that he would be carried on inactive duty status from September 11, 1947, to October 10, 1947, on which latter date it was proposed to remove him.
He appealed to the Loyalty Review Board of the Civil Service Commission. That Board ruled that the evidence did not justify the agency’s conclusion that there was reasonable doubt as to his loyalty to the United States and it recommended that he be restored to duty. He was restored by the Navy Department on January 10,1949.
Plaintiff received no remuneration from the defendant from June 6, 1947, to January 10, 1949, except for the sum of $308.72, which was paid to him on account of annual leave from April 8, 1948 to May -18, 1948. He sues for the remuneration to which he would have been entitled had he been permitted to work during this period.
*413 We are of the opinion that plaintiff is entitled to recover under the provisions of the Act of June 10, 1948, Public Law 623, 80th Congress (62 Stat. 354). Ben B. Lezin v. United States, 120 C. Cls. 724. That Act amended section 6 of the Act of August 24, 1912 (37 Stat. 555). Section 6 (b) (2) reads in part:
Any person who is discharged, suspended, or furloughed without pay, under Section 14 of the Veterans’ Preference Act of 1944, as amended, who, * * * is reinstated or restored to duty on the ground that such discharge, suspension or furlough was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such discharge, suspension, or furlough * * *.
Plaintiff was a veteran and was entitled to the benefits of Section 14 of the Veterans Preference Act of 1944 (58 Stat. 387, 390). He was restored to duty after the passage of the Act of June 10, 1948, and, therefore, he is entitled to its benefits.
Section 6 (b) (2) further provides that he is entitled to compensation,
* * * for the period for which he received no compensation with respect to the position from which he was discharged, suspended, or furloughed, less any amounts earned by him through other employment during such period. * * *
Plaintiff received no compensation from June 6, 1947, until January 10, 1949, except for the amount paid him for annual leave, as stated above. The compensation he would have received during this period is $4,067.20. From this amount there is to be deducted the sum. of $308.72 already paid him, leaving a balance of $3,758.48. He, however, should not be charged with annual leave from April 8, 1948, to May 18, 1948, for which period the sum of $308.72 was paid him.
Defendant says that the above sum of $3,758.48 should also be reduced by the amount which plaintiff earned in other employment during the period for which he was not paid compensation by the Government. This amounts to $3,833.33. *414 Plaintiff earned this sum by working as a steward in the City Plall of San Pedro, California. He worked at this job from 5:00 p. m. until about midnight. He had been employed on this job during these hours at the time he was working as a chauffeur for the Naval Supply Depot, and was so employed at the time of his suspension and discharge.
We are of the opinion that this sum should not be charged against the amount due him by the defendant, because at the time of his discharge he was already engaged in this employment, in addition to his duties with the defendant, and what he earned at it he earned during hours other than the hours during which the defendant had required his services as a chauffeur.
The Act of June 10, 1948 evidently intended that the amount due him by the defendant upon his reinstatement should be credited with amounts which he had earned in lieu of, or to take the place of, what the defendant would have paid him. The amount paid him as a steward at the City Hall were amounts which he would have earned whether or not the defendant had continued him in its employ. They were not earned by him to take the place of what he would have earned with the defendant.
Plaintiff is entitled to recover of the defendant the sum of $3,758.48. Judgment for this amount will be entered.
Howell, Judge; Madden, Judge; and Littleton, Judge; concur.