**BARNES et al. v. UNITED STATES.**

No. 70–52.

United States Court of Claims.

Dec. 2, 1952.

Jones, C. J., and Howell, J., dissented.

Howard Jenkins, Jr., Washington, D. C., for plaintiffs.

John I. Heise, Jr., Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This case is before us on plaintiffs' and defendant's motions for summary judgment.

Plaintiffs in their petition allege that the Post Office Departmental Loyalty Board found that there were reasonable grounds to believe that each of them was disloyal to the United States of America. On the basis

of this finding the Postmaster General suspended each of the plaintiffs from duty without pay on the dates set forth in exhibit B attached to their petition.

It is further alleged that each of the plaintiffs took an appeal to the Loyalty Review Board of the United States Civil Service Commission [1] and that this Board found that reasonable grounds did not exist to believe that any of the plaintiffs were disloyal to the United States. Following this the plaintiffs were restored to duty.

They sue for the salary which they would have earned during the period of their suspension, less sums which they earned in private employment.

The defendant filed an answer to the petition, in which it admitted the finding of the Post Office Departmental Loyalty Board, and the suspension by the Postmaster General, and the reversal of his action by the Loyalty Review Board of the United States Civil Service Commission. The defendant also denied some allegations as to the positions held by some of the plaintiffs and the dates of their removal, but so far as the facts are concerned relating to the liability of the defendant, other than the amount, there is no controversy.

 Subsequently, the defendant filed an amendment to its answer, in which it alleged that the plaintiffs had failed to exhaust their administrative remedies because, after the issuance of Executive Order No. 10241, 5 U.S.C.A. § 631 note, and Memorandum No. 66 of the Loyalty Review Board of the Civil Service Commission, dated May 23, 1951, they had not petitioned the Loyalty Review Board to review the Postmaster General's action suspending them.

Executive Order 9835, 12 F.R. 1935, in force at the time plaintiffs were suspended and at the time they were reinstated, provided in Part V, paragraph 1:

"The standard for * * * the removal from employment in an executive department or agency on grounds relating to loyalty shall be that, on all

the evidence, reasonable grounds exist for belief that the person involved is disloyal to the Government of the United States."

After plaintiffs had been reinstated this Order was amended by Executive Order No. 10241, 16 F.R. 3690, as follows:

"The standard for the refusal of employment or the removal from employment in an executive department or agency on grounds relating to loyalty shall be that, on all the evidence, there is a reasonable doubt as to the loyalty of the person involved to the Government of the United States."

Memorandum No. 66 of the Civil Service Commission directed each department to "adjudicate under the standard of Executive Order No. 10241 all loyalty cases in which unfavorable determinations made by any board were reversed on appeal."

Defendant says plaintiffs must wait to bring suit until the departments have taken this action and, if adverse, until after plaintiffs have taken an appeal to the Loyalty Review Board of the Civil Service Commission and have received from it a favorable decision.

This defense is without merit. At the time plaintiffs were suspended and at the time they were reinstated the test for removal was whether reasonable grounds existed to believe that they were disloyal. The Departmental Loyalty Board thought such grounds did exist, and so did the Postmaster General. The Loyalty Review Board, however, did not think so.

If reasonable grounds for such belief did not exist, it would have been unwarranted and unjustified, according to Executive Order 9835, to have removed them. A suspension without pay is equivalent to a removal for the period of the suspension. According to the finding of the Loyalty Review Board, there were not reasonable grounds to believe that they were disloyal, and their temporary removal from the payroll, or suspension without pay, was unwarranted and unjustified.[2]

---

1. This is incorrect as to two of the plaintiffs, who were restored to duty by the Postmaster General without appeal.

2. We do not mean to say that an employee may not be suspended forthwith if the department head suspects him of disloyal-

The fact that the Loyalty Review Board has now directed another investigation, this time to determine whether there is *reasonable doubt* of plaintiffs' loyalty, does not render inconclusive the former finding of the Board that *reasonable grounds* did not exist *to believe* plaintiffs were disloyal. On the next hearing the Board may find that there is basis for a reasonable doubt of their loyalty; but it will not be called upon to find that this doubt of their loyalty has ripened into a belief that they are disloyal. Even if the finding is against the plaintiffs on the next hearing, it will not be inconsistent with the former finding. A finding that there is a reasonable doubt of loyalty falls short of a finding of a belief of disloyalty.

In the next hearing the Board will not review its former finding that there were not reasonable grounds to believe plaintiffs were disloyal. That finding stands even if the Board finds that there is reasonable doubt of their loyalty. Having found that there were not reasonable grounds to believe plaintiffs were disloyal, their suspension without pay was unwarranted and they are, therefore, entitled to recover under section 6(b)(1) of the Act of June 10, 1948, 62 Stat. 354, 355, 5 U.S.C.A. § 652(b)(1). This section reads:

"Any person removed or suspended without pay under subsection (a) who, after filing a written answer to the charges as provided under such subsection or after any further appeal to proper authority after receipt of an adverse decision on the answer, is re-instated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he

was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period. * * *"

The above conclusion is in accord with our former decision in Mendez v. United States, 96 F.Supp. 326, 119 Ct.Cl. 345.

Defendant's motion is overruled, and plaintiffs' motion is granted. The entry of judgment will be suspended pending the filing of a stipulation of the parties as to the amount due plaintiffs, or, in the absence of a stipulation, until the incoming of a report by a Commissioner.

It is so ordered.

MADDEN and LITTLETON, Judges, concur.

JONES, Chief Judge (dissenting).

I would defer action on these motions until the Loyalty Review Board has finally passed upon the plaintiffs' removal under the standards laid down in Executive Order No. 10241.

If it should be finally determined there is no reasonable doubt as to the loyalty of the plaintiffs or either of them, I would then allow such plaintiff or plaintiffs to recover for the period of wrongful removal.

On the other hand, should it be finally decided that there is a reasonable doubt as to the loyalty of any of the plaintiffs, his or their rights can then be more properly determined in the light of the full facts as developed at that time.

No substantial harm can result from deferring action until the record is complete.

I am authorized to state that Judge HOWELL concurs in the foregoing dissent.

ty, but we do mean that the Government is liable for his salary if the employee is suspended without pay on charges that are unwarranted.