712

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges, concur.

O. John Rogge, New York City, Rogge, Fabricant & Gordon, New York City, on the brief, for plaintiff.

Thomas O. Fleming, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

WHITAKER, Judge.

This is a suit to recover salary for the time during which plaintiff was removed from his position because the head of his department held that there were reasonable grounds to believe he was disloyal and because the Loyalty Review Board of the Civil Service Commission held these charges were unwarranted and unjustified, and ruled that he should be restored to his position.

The parties have entered into a stipulation of facts, which is all of the evidence before us. This shows that plaintiff was honorably discharged from the Army of the United States on August 27, 1943. Later, he was appointed an Elec-

**GETZOFF v. UNITED STATES.**
No. 49432.

United States Court of Claims.
Jan. 13, 1953.

trician, third class, at the New York Naval Shipyard, and on January 28, 1946, was covered into the classified Civil Service.

On December 8, 1947, plaintiff was served with charges, which alleged, among other things, that he was a registered member of the Communist Party and that it was proposed to remove him from his position. On December 12, 1947, he was suspended without pay. Plaintiff replied in writing to the charges preferred, but on December 29, 1947, the Commander of the New York Naval Shipyard notified plaintiff that he would be removed from his position on the grounds of disloyalty, subject to his right of appeal. He took an appeal to the Secretary of the Navy, who affirmed the order of removal.

Plaintiff appealed from the decision of the Secretary of the Navy to the Loyalty Review Board of the Civil Service Commission, which held that there was insufficient evidence to show that reasonable grounds existed for the belief that plaintiff was disloyal to the United States, and reversed the decision of the Secretary of the Navy. The Secretary of the Navy was notified of this decision on May 3, 1949, and was requested to restore plaintiff to his former position. On May 31, 1949, the Commander of the New York Naval Shipyard notified plaintiff that he was entitled to restoration on June 1, 1949.

Plaintiff made application for reinstatement on June 10, 1949, but was notified that the position he had held at the time of his suspension, to wit, "Electrician, Special Skill," had been abolished, and that the only comparable position open to him was "Electrician, Maximum." This position paid 10 cents per hour less than the abolished position of "Electrician, Special Skill," and plaintiff refused to accept it.

Plaintiff sues for his wages from the time of his suspension on December 12, 1947, to June 1, 1949, the date when the Navy Department was willing to restore him to duty, less the amount which he had earned in the interim in private employment. It is agreed that the amount plaintiff would have earned had he not been removed from his position with the Government is $5,033.44, and that he earned in private employment during the period of his suspension the sum of $1,904.73.

The Government also claims that there should also be deducted the amount of $180, which plaintiff received under the so-called "52–20 Club" provision of Public Law 346, 78th Congress, 58 Stat. 284, 38 U.S.C.A. § 693 et seq., and also the amount of $1,584.27 which plaintiff received as subsistence payments under the so-called "G. I. Bill of Rights," Public Law 16, 78th Congress, 57 Stat. 43, 38 U.S.C.A. § 701.

Under our decisions in Lezin v. United States, 98 F.Supp. 574, 120 Ct.Cl. 724; Jackson v. United States, 121 Ct.Cl. 405; and Mendez v. United States, 96 F.Supp. 326, 119 Ct.Cl. 345, it is clear that plaintiff is entitled to recover. See also Barnes v. United States, Ct.Cl., 108 F.Supp. 382.

Defendant says in its brief that plaintiff is not entitled to recover, notwithstanding these decisions, because he refused reinstatement. This defense is without merit. Plaintiff is not suing for his salary after the time restoration was offered to him, but during the time he was unlawfully removed from his position and until the time the Government was willing to restore him thereto. Therefore, his refusal of reinstatement coming after the period involved, is not relevant to the issues presented.

Defendant relies on cases holding that an employee must be ready, willing and able to perform the services for which he claims compensation. This is quite true, but it does not follow from plaintiff's declination of the job offered him on or shortly after June 1, 1949, that plaintiff was not ready, willing and able to perform the duties of the position of "Electrician, Special Skill" during the time this position was unlawfully withheld from him, especially in view of the fact that the job offered plaintiff was of a lower grade and paid a smaller compensation than the one he had held at the time of his removal. There is no showing that plaintiff would not have accepted the same position from which he had been removed. The presumption is to the contrary, because as soon as he got a favorable

ruling from the Civil Service Commission and was notified he could be restored, he applied for his old position. Presumably he would not have applied for his old position if he had not been ready, willing and able to perform the duties of it.

Neither the case of Garcia v. United States. Ct.Cl., 108 F.Supp. 608, nor Wheeler v. United States, Ct.Cl., 109 F.Supp. 703, involve the point discussed above.

The only new questions presented by this case are whether or not the amount of his compensation should be reduced by (1) the amount received by plaintiff under the "52–20 Club" provisions of Public Law 346, supra, and (2) the subsistence payments under the "G. I. Bill of Rights," Public Law 16, supra.

First, as to the "52–20 Club" payments. The Act of June 10, 1948, 62 Stat. 354, 5 U.S.C.A. § 652, under which plaintiff claims the right to recover, gives him the right to compensation for the period during which he was removed or suspended without warrant or justification, "less any amounts earned by him through other employment during such period," and, it is recited, he "shall for all purposes except the accumulation of leave be deemed to have rendered service during such period." The "52–20 Club" payments were made under the provisions of Public Law 346, supra, which in sections 700(a) and 900(a) provide for the payment of not more than $20.00 a week "for each week of unemployment, not to exceed a total of fifty-two weeks". Plaintiff was paid $180 under this provision of the law because of his unemployment. His unemployment was brought about by the unwarranted action of the Navy Department, for which he seeks redress.

But the Act of June 10, 1948, supra, says that plaintiff is entitled to his pay during this time just as if he had rendered service during the time. It says that he "shall * * * be deemed to have rendered service during such period." The result of this Act and our judgment giving him the amount of his pay during this period amounts to a determination that plaintiff was not unemployed during this period, but that he should be treated as having been employed and as having "rendered service" during this time. If he was not unemployed, and if we treat him as having rendered service during this period, then he was not entitled to benefits under the "52–20 Club" provision of Public Law 346.

The defendant, therefore, should have the right, and we think it does have the right, to offset against the amount of the judgment to be rendered in plaintiff's favor the amount paid him because of the mistaken belief that he was unemployed.

Viewed in another light, we might well treat the payment to him of the $180 as a payment on account of the salary that we now find he was due to have received during the time for which the $180 unemployment compensation was paid.

At any rate, we are of the opinion that the defendant is entitled to deduct from the amount of compensation due plaintiff the amount of $180 paid him under Public Law 346, supra.

Second, as to the subsistence payments received by plaintiff pursuant to the "G. I. Bill of Rights" provision of Public Law 16, supra. On April 1, 1948, plaintiff enrolled in a course for camera repairs, and from this date through June 1, 1949, he received from the Veterans Administration a total of $1,584.27 as subsistence payments authorized by this law and the regulations of the Veterans Administration. The defendant claims the right to offset these payments against the amount of his compensation for the period he was unlawfully removed from his position. We are of the opinion the defendant is entitled to this offset.

The Regulations of the Veterans Administration, C.F.R. Title 38, sec. 21.105, provides that:

"On or after April 1, 1948, the rate of subsistence allowance plus compensation received for productive labor by a veteran pursuing a course under Part VIII shall not exceed $210.00 per month for a veteran without a dependent, $270.00 per month for a veteran with a dependent, or $290.00 a month for a veteran with two or more dependents."

This means, of course, that if the compensation for productive labor of a veteran with no dependents is less than $210 per month, then his compensation shall be supplemented by a subsistence allowance sufficient to bring it up to this figure. The evidence does not show whether plaintiff had any dependents or, if so, how many. For the lack of this evidence, we shall assume that plaintiff had none. If he in fact had two or more, this may be made to appear on a motion for new trial.

Plaintiff's compensation as an "Electrician, Special Skill" with the New York Naval Shipyard was approximately $280 per month. Had he been receiving this compensation for the period from April 1, 1948, through June 1, 1949, he would not have been entitled to any subsistence allowance under the provisions of the above quoted Veterans Administration regulation, if a veteran with not more than one dependent. We are now rendering a judgment for the amount of this compensation on the theory that he had "rendered service during such period." Since he is entitled to compensation of more than $270 per month, during the period in question, he is not entitled to a subsistence allowance, unless he had more than one dependent.

This amount also may be said to have been paid him on account of the wages to which he was entitled during the time of his unlawful removal from his position. It would not have been paid him had he been receiving these wages.

It results that plaintiff is entitled to recover the sum of $5,033.44, less the following sums: (1) $1,904.73 received in private employment; (2) $180 received under the "52–20 Club" provision of Public Law 346; and (3) $1,584.27 received as subsistence payments under Public Law 16 and the applicable provisions of the Veterans Administration regulations.

It results that plaintiff is entitled to recover from the defendant the amount of $1,364.44.

JONES, Chief Judge, and HOWELL, MADDEN and LITTLETON, Judges, concur.