The facts sufficiently appear from the opinion of the court.
Madden, Judge,
delivered the opinion of the court:
The plaintiff sues for back pay for a period during which .he was separated from employment in the Post Office Department. On October 28,1948, he was served with charges concerning his loyalty to the United States. The Post Office Departmental Loyalty Board decided against him, and, on the recommendation of that Board he was suspended from duty and pay on May 10, 1949. He appealed to the Postmaster General, who approved the action of the Board. He then appealed to the Loyalty Review Board of the Civil Service Commission, which reversed the decision of the Postmaster General and requested the Post Office Department to restore the plaintiff to his position. He was so restored, on March 13,1950.
After his restoration, the plaintiff demanded payment of compensation, under the provisions of 5 U. S. C. 652 (b) (1) for the period of his suspension from duty and pay. Compensation was denied and he brought this suit. Our decisions in Mendez v. United States, 119 C. Cls. 345; Lezin v. United States, 120 C. Cls. 724; and Jackson v. United States, 121 C. Cls. 405, are in point, and the plaintiff is entitled to the benefits of the cited statute.
*757 Section 652 (b) (1) provides that from the back pay to which an employee may be otherwise entitled, there shall be deducted “any amounts earned by him through other employment” during the period when he was off the Government payroll.
The plaintiff’s salary at the time of his suspension was $3,300 per year. At this rate he would have earned $2,766 during the period of his suspension. During that period he says that he earned $1,436.41 from practice as a physician, between the hours of 9 a. m. to 4 p. m. and 6 p. m. to 8 p. m. He says that he had conducted this practice during these same hours at the time he was working as a postal clerk on the 11:30 p. m. to 7 a. m. shift, and that therefore his earnings in this practice should not be deducted from his back pay.
In Jackson v. United, States, supra, the position from which Jackson was suspended was that of a chauffeur at the Naval Supply Depot at San Pedro, California. He had, while he was so employed in the daytime also worked at night as a steward in the San Pedro City Hall, earning substantially as much as he did in his Government employment. We held that these outside earnings of Jackson were not to be deducted from his statutory back pay because they were not the result of his having been suspended from his Government employment, thus having time available to perform other work.
The Jackson case would seem to be a precedent for holding that the plaintiff’s earnings as a physician should not be deducted. But we cannot grant the plaintiff’s motion for a summary judgment. The Government does not admit the plaintiff’s assertions as to the circumstances under which he earned his outside income. It is reasonable that he should be subjected to cross-examination and to contradiction, if that is justified, as to whether his opportunity for outside earnings and ability to earn them were enlarged by his suspension from his Government position.
The plaintiff’s motion for summary judgment is denied.
It is so ordered.
Howell, Judge; Whitaker, Judge; and Littleton, Judge, concur.