Madden, Judge,
delivered the opinion of the court:
This case is before us pursuant to a Resolution of the House of Representatives, which is quoted in our Finding 3.
The plaintiff sues to recover back salary for a period intervening between his dismissal and his reinstatement as a classified Civil Service employee in the General Accounting Office. He had, on October 6, 1946, been employed for some years as an Investigator, and was in Grade CAF 11 with an annual salary of $5,152.80. His efficiency rating for five of the seven years before 1946 had been “Very Good” and for the other two years “Good.” For the period ending March 31, 1946, he was given an efficiency rating of “Unsatisfactory.”
On August 30, 1946, the plaintiff was advised that it was proposed to terminate his services on October 6,1946, because of his “Unsatisfactory” efficiency rating. He was advised as to how he might appeal against this impending action. The plaintiff appealed the efficiency rating to the Efficiency Rating Committee of the General Accounting Office. That committee sustained the “Unsatisfactory” rating. On November 9, 1946, the plaintiff was separated from his position. The plaintiff appealed to the Board of Review on Efficiency Ratings of the General Accounting Office. That board changed the plaintiff’s efficiency rating from “Unsatisfactory” to “Fair” by a decision dated September 9,1947. On September 22,1947, the plaintiff made a written application to the General Accounting Office for restoration to his position, calling attention to the change in his efficiency rating. This application was denied.
On September 23, the plaintiff appealed his dismissal to the Regional Director, Second U. S. Civil Service Region in New York. On December 10, 1947, that official rejected the plaintiff’s appeal as not having been filed in time, i. e., within 30 days after October 9,1946, when he received his notice of dismissal. On March 15, 1948, the plaintiff wrote to the *234 Civil Service Commission concerning tbe refusal of the Second Region to accept his appeal. The Commission referred the problem to its Board of Appeals and Review which decided, on June 9, 1948, that the Second Region should hear the plaintiff’s appeal. On October 15, 1948, that office sustained the plaintiff’s appeal and recommended that the plaintiff be reinstated. The General Accounting Office acquiesced in this recommendation and reinstated the plaintiff on November 29, 1948.
The plaintiff’s situation is covered by the Act of June 10, 1948,5 U. S. C. 652, which is quoted in Finding 14 and which says that a civil servant who is removed from his position and later, after appeal, is restored to duty on the ground that his removal was unjustified or unwarranted shall receive back pay at the rate he was receiving when he was removed, less outside earnings which he may have had. The General Accounting Office refused to pay the plaintiff back pay, because he was removed before the enactment of the Act of June 10,1948.
We have held that the Act applies to persons removed before, if they were reinstated after, the enactment of the Act. Jackson v. United States, 121 C. Cls. 405; Egan v. United States, 123 C. Cls. 460.
The plaintiff claims the additional pay which he would have received, if he had not been removed, by reason of an increase of $330 per annum in the salary of his position, while he was out of work. The statute is quite specific in limiting back pay to the rate of compensation received at the time of removal. The plaintiff claims the benefit of the increase in salary by attempting to base his claim, not on the Act of June 10,1948, but under the doctrine applied by this court before the enactment of that Act. But recovery under that doctrine was allowed only in cases where the removal was procedurally defective. Garcia v. United States, 123 C. Cls. 722; Gregory v. United States, 123 C. Cls. 794. We see no procedural defect in the history of the plaintiff’s case. See O'Brien v. United States, 124 C. Cls. 655. His recovery, then, cannot exceed what the Act of June 10,1948, provides for him.
*235 The Government says the plaintiff was guilty of laches, in that he did not make his appeals promptly. It says he should have appealed his dismissal within 30 days after he received the notice on October 9, 1946. But such an appeal would have been futile, if made before he had his efficiency rating corrected. He proceeded promptly to get that done, and then appealed promptly to the Civil Service Commission’s Second Regional Office. That office on December 10, 1947, rejected his appeal as too late. We think the plaintiff was, in the circumstances, guilty of laches in not appealing to the Civil Service Commission until March 15, 1948. There had already been much delay, and the plaintiff should not have waited three months to take this step. We think he should not be paid for January or February 1948.
Although, as we have said, we have this case before us on a reference from the House of Representatives, it falls within our regular jurisdiction, hence we will render judgment and report that judgment to the House of Representatives. See Section 1492 of the Judicial Code.
The plaintiff is entitled to recover. Entry of judgment is suspended pending the receipt of a report from the General Accounting Office showing the amount due plaintiff in accordance with this opinion.
It is so ordered.
Whitaker, Judge; LrrTmTON, Judge; and Jones, Chief Judge, concur.
FINDINGS OF FACT
The court, having considered the evidence, the report of Commissioner Paul H. McMurray, and the briefs and argument of counsel, makes findings of fact as follows:
1. Raymond B. Jeffrey, plaintiff, a citizen of the United States and a resident of Pittston, Pennsylvania, brings this action to recover salary as a Civil Service employee for the period between his dismissal on November 9, 1946, and his reinstatement on November 29,1948.
2. On March 7,1951, there was introduced into the House of Representatives, 82d Congress, First Session, and referred to its Committee on the Judiciary, a bill (H. R. '3131) for the relief of plaintiff, which bill proposed to authorize and *236 direct the Secretary of the Treasury to pay, out of money in the United States Treasury not otherwise appropriated, to plaintiff the sum of $7,029.53, said payment to be in full payment of all claims of the plaintiff against defendant arising out of his suspension as an employee of the General Accounting Office during the period beginning November 10, 1946, and ending November 27, 1948. This bill was not enacted by the Congress.
3. On August 10, 1951, there was submitted to the House of Representatives, 82d Congress, First Session, a resolution (H. Res. 383) worded as follows:
RESOLUTION
Resolved, That the bill (H. R. 3131) entitled “A bill for the relief of Raymond B. Jeffrey”, together with all accompanying papers, is hereby referred to the United States Court of Claims pursuant to sections 1492 and 2509 of title 28, United States Code; and said court shall proceed expeditiously with the same in accordance with the provisions of said sections and report to the House, at the earliest practicable date, giving such findings of fact and conclusions thereon as shall be sufficient to inform the Congress of the nature and character of the demand, as a claim legal or equitable, against the United States, and the amount, if any, legally or equitably due from the United States to the claimant.
The above resolution was adopted by the House of Representatives August 21, 1951, and transmitted to and filed in this court on November 28,1951.
4. On January 28,1952, plaintiff filed his petition making claim for the sum of $7,029.53.
5. On and prior to October 6, 1946, plaintiff had been for a number of years a permanent classified Civil Service employee of the defendant. As of October 5, 1946, he held the position of Investigator, Grade CAF-11 at an annual salary of $5,152.80, in the General Accounting Office. In the years 1939, 1941, 1943, 1944, and 1945 he had received efficiency ratings of “Very Good”; in the years 1940 and 1942 his efficiency ratings were “Good”. His initial rating for the period ending March 31,1946, was “unsatisfactory”, changed to “fair” upon appeal.
*237 6. Plaintiff is a veteran of World War I and, in the course of his employment by defendant, was entitled to all the benefits of the Veterans’ Preference Act of 1944 (58 Stat. 387, 5 TJ. S. C. A. Sec. 863).
7. On August 30, 1946, T. A. Flynn, Assistant Director of Personnel, General Accounting Office, Washington, D. C., wrote a letter to the plaintiff as follows:
You are advised that effective October 6, 1946, it is groposed to terminate your services as Investigator, -rade CAF-11 at $5,152.80 per annum, in the Office of Investigations, General Accounting Office. This action is necessary because you have been assigned an Unsatisfactory rating for the period ending March 31, 1946.
There is enclosed the performance requirements for the position of Investigator, showing that you have failed to meet this standard of performance. A statement from the Rating and Reviewing Officers justifying their decision is also attached.
This thirty-day advance notice is in accordance with Civil Service Commission’s efficiency rating regulations of April 1,1946, as set forth in Chapter El, Page 26, of the Federal Personnel Manual. Under the provisions of these regulations you may make a written reply within one calendar week stating why this action should not be effected. This reply should be directed to me at my Office, Room 305, General Accounting Office Building, Fifth and F Streets, N. W., Washington, D. C.
This thirty-day notice is also in accordance with the Regulations of the Civil Service Commission and of the “Veterans’ Preference Act of 1944” (Public Law 359, ch. 287, 2nd Session, 78 Congress, Starnes-Scrugham Bill, approved June 27, 1944), under the provisions of which you have the right to submit an appeal to the Chief Law Officer, United States Civil Service Commission, Washington 25, D. C., within a reasonable length of time, and show cause why this proposed action should not be taken.
No charge was preferred against the plaintiff other than that which was reflected in the unsatisfactory efficiency rating.
8.The letter dated August 30, 1946, quoted in finding 7, was delivered by hand to the plaintiff on September 5,1946. On that same day plaintiff addressed a letter to T. A. Flynn, Assistant Director of Personnel, General Accounting Office, *238 referring to previous correspondence concerning Ms unsatisfactory efficiency rating, and stating that he had notified one of his superiors on July 31,1946, that he would submit a written appeal from the low efficiency rating. He further stated that the appeal would be ready in about two weeks.
On September 9, 1946, Eugene Latimer, Chairman of the Efficiency Rating Committee, advised plaintiff as follows:
With reference to your letter of September 6 enclosing a copy of yours of September 5 to Mr. Flynn, as you have been advised, your appeal with the Efficiency Rating Committee is being handled by correspondence and under the procedure it is not necessary that administrative action on the part of the Office be withheld until the Committee has concluded its deliberations respecting your rating. Incidentally, the appeal referred to in the last paragraph of Mr. Flynn’s letter of August 30 is in connection with your rights under the Veterans’ Preference Act of 1944 and relates to the proposed action by the Office.
In order to expedite final determination of your appeal to this Committee, we are obtaining all written evidence at the earliest possible date in order that you may have our decision before October 6, 1946.
On September 19, 1946, the Acting Director of Personnel for the General Accounting Office wrote to the Civil Service Commission and advised that plaintiff was given notice of the unsatisfactory rating on July 8, and had signified his intent to appeal therefrom on July 17. This letter further stated—
As of September 17, two months after he first signified his intent to appeal, and six weeks after he asked the Efficiency Rating Committee to hear his appeal by correspondence, Mr. Jeffrey has not submitted any specific allegations as to the inaccuracy of his rating.
On September 23, 1946, the Civil Service Commission approved the proposed dismissal of plaintiff and stated:
Proposed action may be taken on basis of notice given to employee. If the Efficiency Rating Board of Review changes the rating as the result of an appeal by the employee, you will reconsider the action on the basis of the corrected rating as provided in the efficiency rating appeal regulations.
*239 9. During the thirty-day notice period set forth in the letter of August 30, plaintiff appealed the assigned “Unsatisfactory” efficiency rating to the Efficiency Rating Committee of the General Accounting Office and that Committee sustained the “Unsatisfactory” rating. Pending the foregoing appeal plaintiff’s separation was delayed. On November 9, 1946, by action of the General Accounting Office, plaintiff was separated from his position. Following the action of defendant in separating the plaintiff from his position, plaintiff appealed to the Board of Review on Efficiency Ratings of the General Accounting Office. August 20, 1947, after a hearing, said Board changed plaintiff’s rating from “Unsatisfactory” to “Fair” by its decision dated September 9, 1947.
In the separation dismissal notice dated November 6,1946, plaintiff was advised that his separation would become effective at the close of business November 9,1946, as indicated in Form P2 bearing date of October 9, 1946, “the original of which was delivered to you.” The form P2 referred to in the dismissal notice stated that the separation was for inefficiency and that:
This separation is made necessary for the reasons referred to in notification of August 30,1946, addressed to you.
Section 14 of the Veterans’ Preference Act of 1944 (Public Law 359,78 Congress) accords you the right to appeal this decision to the Chief Law Officer, U. S. Civil Service Commission, Washington 25, D. C., within a reasonable length of time.
Separation (Inefficiency) on Journal of October 4, 1946, Action No. 91734, effective October 9, 1946, is hereby canceled.
10. On September 22, 1947, plaintiff made written application to the General Accounting Office for restoration to his position, citing the action of the Board of Review on Efficiency Rating. On September 23, the General Accounting Office advised plaintiff that:
* * * the official records of this office will be changed so as to show that your regular rating for March 31, 1946, has been changed from “Unsatisfactory” to “Fair” in accordance with a decision of the Board of Review. The Board’s action in your case, however, does not make it mandatory that you be reinstated to a position in this *240 Office and the bases upon which your “Unsatisfactory” rating were predicated have not been altered and, for this reason, no action is contemplated looking toward effecting your reemployment in this Office.
Upon the refusal of the employing agency to restore plaintiff to his position he filed an appeal to the Regional Director, Second U. S. Civil Service Region in New York on September 23,1947.
On December 10, 1947, the Second Region wrote to plaintiff and refused to consider his appeal on the ground that it was not timely filed. This letter stated in part as follows:
A representative of the Commission has made an investigation of the record evidence in your case and it appears that at the time you received your proposed notice of separation, dated August 30, 1946, you were informed that you had the right to submit an appeal to the U. S. Civil Service Commission within a reasonable length of time. You were further advised in a final notice of adverse action, dated October 9, 1946, of your appeal rights. The regulations of the Commission provide that such an appeal should be submitted within thirty days after the date upon which an employee receives final notice of the adverse decision in his case. This office may not consider an appeal submitted after thirty days have elapsed unless the appellant shows good reason for failure to file an appeal within the prescribed period.
On March 14, 1948, plaintiff wrote to the President and on March 15, 1948, he wrote to the Civil Service Commission concerning the refusal of the Second Region to accept his appeal. By letter of March 30, 1948, the then President of the Civil Service Commission wrote to plaintiff and advised him that his appeal was not entertained because of a failure to submit it within the prescribed period provided by regulations of the Commission, pursuant to Section 14. Plaintiff was further advised that the matter was being referred to the Commission's Board of Appeals and Review, Washington, D. C., as a further appeal from the decision of the Second Regional Office.
On June ~, 1948, plaintiff was advised by the Civil Service Commission that:
* * The Civil Service Commissioners, after a careful study of your entire record, have decided that, under the *241 circumstances in your case, your appeal should be accepted. The decision of the Second Region, therefore, has been reversed and the file in your case is being returned to that office with instructions to conduct any investigation necessary and adjudicate your appeal on the merits of your case.
On October 15,1948, after investigation and full consideration of plaintiff’s appeal, United States Civil Service Commission, Second United States Civil Service Region, rendered its decision in which in part it was found and stated:
A review of the notice of August 30, 1946, issued to the appellant indicates that the proposed action was based solely on the grounds that the appellant received a regular official efficiency rating of “Unsatisfactory” and was issued in accordance with the provisions of Chapter El, pages 25 and 26, of the Federal Personnel Manual which contains instructions on the action to be taken against, an employee who receives an efficiency rating of “Unsatisfactory.” Subsequent to the issuance of the notice of August 30,1946, to the appellant, the General Accounting Office forwarded a request to the Central Office of the Civil Service Commission for approval of the separation of Mr. Jeffrey in accordance with the instructions contained in Chapter El of the Federal Personnel Manual referred to above. The Commission advised the agency under date of September 23, 1946, that their proposed action was approved but that the agency should reconsider the action on the basis of the corrected rating if the Efficiency Rating Board of Review should change Mr. Jeffrey’s rating as the result of any appeal.
Subsequent to the time that the appellant’s appeal of his efficiency rating to the Efficiency Rating Committee of the General Accounting Office was denied, he submitted a further appeal to the Statutory Board of Review for the General Accounting Office and after holding a hearing on August 20, 1947, that Board changed Mr. Jeffrey’s efficiency rating from “Unsatisfactory” to “Fair” by decision dated September 9,1947. Thereafter, he made written application on September 22, 1947, to the General Accounting Office for restoration to his position on the basis of his changed efficiency rating, and he was advised by agency letter of September 23, 1947, that official records of the agency would be noted to reflect the fact that his efficiency rating for the period in question had been changed from “Unsatisfactory” to *242 “Fair”. This letter stated, however, that the Board’s action in his case did not make it mandatory that he be reinstated as the bases upon which his “Unsatisfactory” rating were predicated liad not been altered and, for this reason, no action was contemplated looking toward effecting his reemployment in the General Accounting Office. After receipt of this communication, Mr. Jeffrey submitted an appeal to the Commission under the provisions of Section 14 of the Veterans’ Preference Act of 1944 from the action of the General Accounting Office in refusing to restore him to his position and, after consideration of all the facts and circumstances surrounding his failure to submit such an appeal at the time he received final notice of separation, his appeal was accepted by the Commission.
During the course of the investigation, the agency indicated that it was felt that the appellant was not entitled to mandatory restoration after the change in his efficiency rating in view of the provisions of Chapter El-35 of the Federal Personnel Manual which are as follows:
“Upon receipt of the announced decision of the board of review making an adjustment in the efficiency rating of an employee, the department shall cause the adjusted efficiency rating to be substituted in its official records for the original efficiency rating in each place where the original efficiency rating was recorded, shall reconsider any and all administrative actions based on the original efficiency rating, and insofar as possible under the law and regulations and in the public interest, redetermine and adjust such administrative actions to conform, to the adjusted efficiency rating.”
The agency indicated that it had been determined not to be in the public interest to restore Mr. Jeffrey because the change in the efficiency rating was “almost a mechanical' result rather than the result of a determination that his performance had been seriously underevaluated.” The agency further indicated that, although the rating had been raised to “Fair”, the basis for the “Unsatisfactory” rating was not removed but merely a less critical appraisal was made on a single element of the rating. In addition, it was stated that, prior to the time the appellant was removed on the basis of his efficiency rating, consideration was given to the removal of Mr. Jeffrey on charges.
*243 While the position taken by the agency in the instant case as outlined above has been carefully considered, the appellant has, as a matter of right, an appeal to the Commission under the provisions of Section 14 of the Veterans’ Preference Act of 1944 from the action taken and any decision on such appeal must, of necessity, be based on this section of the Act and regulations issued pursuant thereto. Section 14 provides, in part, as follows:
“No permanent or indefinite preference eligible employee who has completed a probationary or trial period, employed in the civil service or in any establishment, agency, bureau, administration, project, or department hereinbefore referred to shall be * * * reduced in rank or compensation * * * except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose * * * reduction in rank or compensation is sought shall have at least thirty days advance written notice * * * stating any and all reasons, specifically and in detail, for any such proposed action * *
In the instant case, the employee was removed from his position under procedures established to carry out actions against employees who receive efficiency ratings of “Unsatisfactory” and the removal action was effected in accordance with such procedures. However, the action taken was predicated on the reasoning that the “Unsatisfactory” efficiency rating was, in 'fact, correct and the employee was furnished with no other reasons for his removal except that he had been assigned an “Unsatisfactory” efficiency rating. Subsequently, the Statutory Board of Review for the General Accounting Office, which Board has final authority under the law to make any adjustment of the adjective efficiency rating assigned an employee which the facts and evidence presented to the Board on appeal appear to warrant, determined that the appellant’s correct rating should have been “Fair” instead of “Unsatisfactory” and issued a decision to the effect that such change had been made in the appellant’s rating. Such decision establishes that the original rating assigned him was erroneous and it follows that any adverse action taken against the appellant which was taken solely on the basis of such original rating was, likewise, erroneous and is subject to such review and correction as the law and regulations war *244 rant. In this connection, it is noted that the regulations in Chapter El of the Federal Personnel Manual outlining actions to be taken against employees who receive an official efficiency rating of less than “Good” make no provision for the removal of an employee who receives an efficiency rating of “Fair.” It is, therefore, apparent that the appellant has been removed from his position on what has proved to be a wrong premise with the result that an injustice has been done him. As a veteran preference employee who is entitled to the benefits of Section 14 of the Veterans’ Preference Act and whose correct efficiency rating has been determined to be “Fair,” he could properly be removed from his position only_on the basis of detailed charges and procedures outlined in Section 14 of the Veterans’ Preference Act. In view of the foregoing and since the Commission has held that the procedural requirements of Section 14, as to notice of a proposed adverse action establish fixed rights and axe mandatory and that there is no provision in the Section as to waiver, it is the considered opinion of this office that his separation on the basis of an “Unsatisfactory” efficiency rating, which rating has since been found by a Board, of competent authority to be erroneously assigned, was a violation of the appellant’s rights under Section 14 of the Veterans’ Preference Act of 1944 and was not for such cause as will promote the efficiency of the service.
FINDINGS AND RECOMMENDATIONS
In view of all the facts and circumstances in this case as summarized above, it is recommended that the appellant, Raymond B. Jeffrey, be restored to the position of Investigator, CAF-11, in the General Accounting Office. Such recommendation is based solely on the grounds that the requirements of Section 14 of the Veterans’ Preference Act have not been followed in separating him from employment, there being no evidence of any bias, prejudice or discrimination on the part of the officials of the General Accounting Office or that the action of separation or subsequent decision not to restore him to duty was arbitrarily or capriciously made.
***:!: sH
Under the provisions of Public Law 325, 80th Congress, recommendations to administrative officers based upon the findings of the Commission are mandatory, and corrective action should be taken within seven (7) days following the decision of this office, However, in the *245 event of further appeal by said employing department within the prescribed period of seven (7) days following receipt of the decision of this office, no further action need be taken by the department pending final determination by the Commission’s Board of Appeals and Review.
% # }{i * #
11. Following the receipt by the General Accounting Office of the decision of the Civil Service Commission aforesaid, it wrote a letter dated October 21,1948, to the plaintiff in which it was stated:
Reference is made to the letter of October 15, 1948, from the Regional Director, Second United States Civil Service Region, to you which transmitted the Commission’s decision on your appeal under Section 14 of the Veterans’ Preference Act of 1944. A copy of this decision was received in the General Accounting Office on October 18, 1948.
The General Accounting Office has decided that it will not elect to appeal such decision and accordingly you will be restored to the position of Investigator, CAF-11, Office of Investigations. The Chief of Investigations has decided that your services can best be utilized with the party in Denver, Colorado.
Will you inform me as soon as possible as to when you will be able to report for duty. Travel to your first duty station will, of course, be at your own expense.
12. On November 22,1948, the General Accounting Office wrote a letter to plaintiff that action had been initiated to effect his restoration on November 29, 1948, and on the last mentioned date plaintiff resumed his duties as an employee of the General Accounting Office at a yearly salary of $5,482.80.
13. Between the dates of November 9,1946, when plaintiff’s services were terminated with the General Accounting Office, and November 29, 1948, when he was restored to duty, he would have earned as an employee of the United States the sum of $10,729.53. At the time plaintiff was terminated on November 9,1946, his salary was at the rate of $5,152.80 per annum.
During the period of plaintiff’s dismissal he was unable to obtain any employment except part time and during this *246 period he earned the total sum of $3,700 in private employment. Plaintiff’s earnings during this period were from employment with Cassidy and Guilhorn Company and represented the amount earned of $625 during 1947, and $3,075 during 1948. He had no earnings other than his salary from the General Accounting Office after his dismissal October 9,1946.
14. During the period when the Civil Service Commission was considering plaintiff’s appeal and prior to said Commission’s decision on October 15,1948, the Congress enacted a Statute, approved June 10, 1948, 5 T7. S. C. 652, which provides in Section (b) thereof that:
(b) (1) Any person removed or suspended without pay under subsection (a) who, after filing a written answer to the charges as provided under such subsection or after any further appeal to proper authority after receipt of an adverse decision on the answer, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during said period, and which for all purposes except the accumulation of leave be deemed to have rendered service during such period. * * *
15. November 29, 1948, plaintiff forwarded his voucher and made demand for payment of the salary due him for the period during which he was separated from the service as hereinbefore stated. On December 21, 1948, the General Accounting Office issued its settlement certificate No. 1359785 in which plaintiff’s demand for payment was denied, the Comptroller General holding that:
* * * it has been held that the provisions of Section 6 (b) of the Act of June 10, 1948, Public Law 623, 80th Congress, amending the Act of August 24,1912,5 TJ. S. C. 652, authorizing the payment of compensation in certain circumstances for periods when no services were performed, do not cover removals or suspensions accomplished prior to June 10, 1948, the effective date of the act. B-79027, September 28,1948. Comp. Gen. 200.
*247 16. Following plaintiff’s reinstatement to his position November 29, 1948, he has remained in the employment of the defendant and his services have been satisfactory.
CONCLUSION OP LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is entitled to recover.
On a report from the General Accounting Office showing the amount due plaintiff in accordance with the court’s decision, judgment for the plaintiff was entered April 6, 1954, for $5,854.95.