JOHNSON CONTROLS, INC.

v.

The UNITED STATES.

No. 708–81C.

United States Claims Court.

Oct. 13, 1982.

Mark H. Berens, Chicago, Ill., for plaintiff; Mayer, Brown & Platt, Wm. Bruce Hoff, Jr., Michele Odorizzi, Chicago, Ill., of counsel.

John C. Ranney, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

YOCK, Judge.

In this contract case, the defendant has moved for summary judgment. Since issues of material fact remain unresolved, the defendant's motion is denied without prejudice to renewal at an appropriate time.

This case involves plaintiff's participation in the installation of a security system under an arrangement between the Federal Republic of Germany and the United States Army Corps of Engineers. In essence, the defendant issued a construction order to the Federal Republic of Germany to procure the installation of the system at various military bases in Germany. Subsequently, the Federal Republic of Germany contracted with the consortium of Brown, Boveri, & Cie AG and plaintiff to perform the work. Due to difficulties encountered during the project, Brown, Boveri & Cie AG terminated its consortium agreement with the plaintiff.

Plaintiff instituted this contract action against the defendant to recover expenses incurred during the project. Defendant moved for summary judgment on four grounds: (a) plaintiff lacks privity with the United States; (b) plaintiff has no implied-in-fact contract with the United States; (c) plaintiff is not a third-party beneficiary of the contract between the United States and the Federal Republic of Germany; and (d) plaintiff's claim is barred by 28 U.S.C. § 1502 as arising out of a foreign treaty. In response, plaintiff opposed the defendant's motion and now seeks permission to conduct discovery in order to substantiate its claims.

■ Summary judgment is not allowed where a genuine issue of material facts exists. *Garcia v. United States*, 123 Ct.Cl.

722, 732, 108 F.Supp. 608, 613 (1952). Moreover, any doubts must be resolved against the moving party. *Housing Corporation of America v. United States*, 199 Ct.Cl. 705, 710, 468 F.2d 922, 924 (1972). Defendant's argument that summary judgment should be granted because plaintiff is not in privity of contract with the Government is without merit in the context of this case. A plaintiff not in direct privity of contract with the United States may still maintain an action in this court under the theory of a contract implied in fact or as a third party beneficiary. *See Algonac Mfg. Co. v. United States*, 192 Ct.Cl. 649, 428 F.2d 1241, 1256 (1970); *Hebah v. United States*, 192 Ct.Cl. 785, 792, 428 F.2d 1334, 1339 (1970). Thus, at this point in time, defendant cannot prevail on this theory.

■ Additionally, based upon the information submitted to the court—which must be interpreted in a light most favorable to the plaintiff for purposes of withstanding the defendant's motion for summary judgment—it is possible that plaintiff may succeed in proving an implied contract once the facts are clarified. *See Narva Harris Construction Corp. v. United States*, 216 Ct.Cl. 238, 244–45, 574 F.2d 508, 512 (1978). Moreover, the exact conduct of the parties has not been fully resolved, and therefore the plaintiff may also be able to show that it qualifies as a third-party beneficiary. Hence, summary judgment on these two grounds would be premature and inappropriate at this time. Finally, although the defendant raises one other ground for summary judgment, the court reserves judgment on that issue in light of the above findings.

IT IS THEREFORE ORDERED, on consideration of the parties' submissions, that defendant's motion for summary judgment is denied without prejudice to renewal at an appropriate time; that defendant submit its answer to the petition within 30 days; and that parties proceed to conduct discovery.