**ROCKWELL INTERNATIONAL CORPORATION**

v.

**The UNITED STATES.**

**No. 585–83C.**

United States Claims Court.

Aug. 29, 1985.

Kenneth B. Weckstein, Washington, D.C., attorney of record, for plaintiff. Gilbert J. Ginsburg and Epstein Becker Borsody & Green, P.C., of counsel.

Helene M. Goldberg, Washington, D.C., with whom was Acting Asst. Atty. Gen., Richard K. Willard, for defendant.

## OPINION

MEROW, Judge.

### Introduction

This case is before the court on motions for summary judgment addressed to the issue of liability. The determination of damages, if any, has been reserved for further proceedings if required. The facts underlying this litigation have been addressed in a prior determination concerning plaintiff's application for a temporary restraining order and a preliminary injunction, 4 Cl.Ct. 1 (1983). Plaintiff now seeks recovery of profit and overhead asserted to have been lost when it was not awarded a substantial cost-plus-incentive-fee contract for communications equipment by the Federal Emergency Management Agency (FEMA). Alternatively, plaintiff seeks recovery of the preparation costs it incurred in submitting proposals to FEMA for this contract. Defendant opposes any determination that the United States is liable to plaintiff for money damages in the circumstances presented.

### Facts

The basic facts underlying this procurement are set forth in the prior determination denying the equitable relief then sought by plaintiff, 4 Cl.Ct. 1 (1983). This determination was predicated upon a hearing where, following excellent cooperation by counsel with respect to substantial and expedited discovery requirements, testimony of five witnesses was received, together with documentary evidence. On the then record evidence it was concluded that FEMA's decision, that plaintiff's contract proposal was outside the competitive range, lacked a rational or reasoned basis, 4 Cl.Ct. at 5. Equitable relief was denied on national security grounds and plaintiff was relegated to the instant claim for damages.

The present motions for summary judgment are based upon the prior hearing record and decision together with subsequent deposition testimony obtained by defendant from plaintiff's witnesses who testified at the initial hearing.

### Discussion

Past precedent establishes that when the government solicits a proposal for a contract, it agrees to fairly and honestly consider the resulting submission. *Heyer Products Co. v. United States*, 135 Ct.Cl. 63, 140 F.Supp. 409 (1956). Violation of this agreement by arbitrary or capricious action renders the government liable for money damages. *Keco Industries, Inc. v. United States*, 192 Ct.Cl. 773, 428 F.2d 1233 (1970), *appeal after remand* 203 Ct.Cl. 566, 492 F.2d 1200 (1974). Lack of a reasonable basis for a decision excluding a proposal from award consideration constitutes such arbitrary or capricious action. *Continental Bus. Enterprises, Inc. v. United States*, 196 Ct.Cl. 627, 637, 452 F.2d 1016, 1021 (1971). This "arbitrary or capri-

cious" action standard for providing pre-award monetary relief is essentially the same as that required to grant pre-award equitable relief under 28 U.S.C. § 1491(a)(3). *United States v. John C. Grimberg Co.*, 702 F.2d 1362 (Fed.Cir. 1983). According to the prior opinion in this matter, FEMA's decision that plaintiff's proposal was not in the competitive range "lacks a rational or reasoned basis." 4 Cl.Ct. at 5. Relying upon this conclusion, plaintiff moves for summary judgment on the issue of the government's liability for money damages. Defendant counters with an argument that the record, as supplemented by the deposition testimony obtained subsequent to the prior opinion, now shows that FEMA's decision to exclude plaintiff's contract proposal from consideration had a reasonable basis. The liability matter can be substantially resolved at this stage in the proceedings as it is concluded that there are no disputed material facts. *Johnson Controls, Inc. v. United States*, 1 Cl.Ct. 256 (1982).

■ The additional deposition testimony obtained and submitted by defendant has been carefully examined. Giving full credence to the undisputed additional information provided, it is still concluded that FEMA's decision to exclude plaintiff's proposal from the competitive range lacked a rational or reasonable basis. Although the technical aspects of the proposal were of paramount concern, price and the public policy favoring competition were considerations which could not rationally be ignored. Plaintiff's proposal price was substantially lower than that of the sole remaining offeror. Even accepting that some additional work would have been required of plaintiff to meet FEMA's several concerns, in the context of the overall magnitude of this procurement, the prior conclusion that minor revisions of plaintiff's proposal were involved remains valid.

Accordingly, upon reexamination of the question, as set forth in the Rule 56 motions, the conclusion remains that a rational or reasonable basis did not exist for excluding plaintiff's proposal in this multi-million dollar procurement from the competitive range, leaving only one proposal remaining for negotiations at a substantially higher price. Thus, under the applicable standard, defendant is liable for monetary damages.

■ Plaintiff argues that in determining the damages to which it is entitled, lost profit and overhead must be included. Notwithstanding the distinctions which plaintiff urges, it is concluded that prior precedent flatly precludes such an award by this court. *Zisken Constr. Co. v. United States*, 209 Ct.Cl. 767, 768, 538 F.2d 347 (1976); *Keco Industries, Inc. v. United States*, 192 Ct.Cl. 773, 428 F.2d 1233 (1970). In fashioning the monetary relief appropriate to a violation of a pre-award implied contract of fair and honest consideration, the Court of Claims, in essence, opted for the recognized breach remedy of restitution measured by reasonable costs. *See Acme Process Equipment Co. v. United States*, 171 Ct.Cl. 324, 359–61, 347 F.2d 509, 530–31 (1965), *reversed on other grounds*, 385 U.S. 138, 87 S.Ct. 350, 17 L.Ed.2d 249 (1966). This result restores a contractor to the position it would have occupied had it known, before expending sums in its preparation, that its proposal would not receive appropriate consideration. *See Heyer Products Co. v. United States*, 135 Ct.Cl. 63, 69, 140 F.Supp. 409, 414 (1956). Congress has recently adopted this measure of recovery for matters covered by the bid protest provisions of the Competition in Contracting Act, Title VII of the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 494 (1984), 40 U.S.C. § 759(h), 31 U.S.C. §§ 3551–3556.

Thus, defendant's liability in this matter is to be measured by the reasonable costs plaintiff incurred in the preparation of its prematurely rejected proposal.[1]

1. Plaintiff also seeks recovery of preparation costs incurred by concerns that would have become subcontractors had plaintiff obtained the FEMA award. Defendant opposes such a liability determination. It is concluded that a final determination on this aspect of the claim must be deferred to a consideration of the individual factual circumstances and costs involved. *See*

## Conclusion

For the reasons stated:

(1) It is concluded that defendant is liable to plaintiff for the reasonable costs plaintiff incurred in the development of its submitted proposal(s);

(2) A judgment for the sums involved shall be entered at the conclusion of further proceedings;

(3) Except as so granted by (1) and (2), the Rule 56 motions on file are, otherwise, denied;

(4) It is ORDERED that, on or before September 30, 1985, counsel shall file a brief Status Report with the clerk indicating the procedure(s) proposed to resolve the issues remaining as to the amount of recovery.

*Donovan Construction Co. v. United States,* 138 Ct.Cl. 97, 149 F.Supp. 898, *cert. denied,* 355 U.S. 826, 78 S.Ct. 34, 2 L.Ed.2d 39 (1957); *United States v. Johnson Controls, Inc.,* 713 F.2d 1541 (Fed.Cir.1983); *Cofan Associates, Inc. v. United States,* 4 Cl.Ct. 85 (1983).